### 43716. DUNAWAY v. EMPIRE MORTGAGE & INVESTMENT COMPANY.

JORDAN, Presiding Judge. Dunaway sought by count 1 of his petition to set aside a deed made pursuant to a foreclosure sale, and by counts 2 and 3 sought attorney's fees and damages. In June, 1967, the Supreme Court affirmed the denial of a summary judgment for the defendant as to count 1. *Empire Mtg. &c. Co. v. Dunaway,* 223 Ga. 443 (156 SE2d 41). By an order dated December 7, 1967, the trial judge imposed certain conditions upon the plaintiff with respect to further proceedings, and also dismissed count 2 without qualification. This order further recites that count 3 is undisposed of, and shall stand for trial or further order of the court. An order dated December 21, 1967, recites that the plaintiff has not complied with the conditions set forth in the previous order, and that the petition and each and every count is dismissed. The plaintiff appealed to the Supreme Court from this order and that court, recognizing the uncontroverted fact that the property in respect to which the plaintiff sought equitable relief had been sold under the power of

sale in a senior security deed before the appeal was docketed, and that any issue affording that court jurisdiction by reason of the equitable features of the case had become moot, transferred the appeal to this court to dispose of the remaining issues. *Dunaway v. Empire Mtg. &c. Co.*, 224 Ga. 240 (161 SE2d 276). *Held:*

The ruling of the Supreme Court in *Dunaway v. Empire Mtg. &c. Co.*, supra, is dispositive of any question concerning the propriety of dismissing count 1, and there being no enumeration of error directed to the order of December 7, 1967, dismissing count 2, that order, under the authority of *Hill v. Willis*, 224 Ga. 263, 268 (161 SE2d 281), is controlling as to the disposition of count 2. Any further issue on the appeal in the status now before this court is thus limited to count 3, but in this respect the brief of the plaintiff, as the appellant here, contains nothing more than a statement of his contentions, unsupported by citation of authority or argument. Under such conditions Rule 17(c)(2) of this court must be applied, and the enumerations directed to this issue are deemed to be abandoned.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JUNE 5, 1968—DECIDED JULY 9, 1968—
REHEARING DENIED JULY 30, 1968.

*G. Hughel Harrison*, for appellant.

*Heyman & Sizemore, W. Dan Greer*, for appellee.