## 44774. BRANTLEY v. THE STATE.

WHITMAN, Judge. 1. It is not error in a prosecution of one for abandonment of an illegitimate minor child, where the defendant has pled "not guilty," thereby raising the issue of paternity, to admit in evidence a plea by the defendant of "guilty" to a prior accusation for abandonment of the same child. *Culpepper v. State,* 120 Ga. App. 62 (169 SE2d 681).

In this case, a prosecution for abandonment, the State sought to show that the defendant Brantley had previously plead "guilty" to an abandonment accusation involving the same child and to that end there was introduced and admitted in evidence the original accusation previously brought into the same court, naming the mother, the same prosecutrix, and the same child and defendant. This prior accusation contained the following entry and recital: "The defendant in the within accusation waives arraignment, list of witnesses, copy of accusation and pleads _____guilty. This 19 day of Jan. 1960. S/John I. Kelley, Solicitor. _____, Defendant's Attorney."

The previous accusation above referred to was sued out at the December term, 1959, of the Criminal Court of Fulton County, after the birth of the child on May 6, 1957. Prior to the birth of the child the mother had sued out a bastardy proceeding against the defendant in the same court at the April term, 1957, alleging she was then pregnant, and the original of this accusation contained thereon the following entry and recital: "The defendant in the within accusation waives arraignment, list of witnesses, copy of accusation and pleads_____guilty. This 17 day of Apr. 1957. John I. Kelley, Solicitor. _____Defendant's Attorney." This accusation with said entry thereon was like-

wise offered and admitted in evidence. Sentences were imposed on the defendant in respect of both of the accusations. It is contended by defendant that the prior bastardy accusation and the prior abandonment accusation were improperly admitted in evidence and that their admission constitutes reversible error, it being claimed that there was no signature by the defendant to the pleas entered thereon.

*Code* § 38-601 makes provision for exemplification by certificate of any public officer of authenticity of any copy or transcript of any record. However, this Code section has no relation to the court record in another case or cases pending in the same court in which they are offered in evidence. Original papers of proceedings in the court are admissible in another case in the same court where otherwise relevant. *Woods v. Travelers Ins. Co.*, 53 Ga. App. 429 (2) (186 SE 467) ; *Williford v. State*, 56 Ga. App. 40 (192 SE 93).

In relation to the necessity of signature by the defendant on the entries of plea of guilty on each and both of the accusations; that is, the accusation charging bastardy and also the accusation charging abandonment, the signature of the defendant was not required. The signature by the solicitor was sufficient. *Code* § 27-1407 provides: "The arraignment and plea or answer of the prisoner shall be entered on the indictment by the solicitor general, or other person acting as prosecuting officer on the part of the State." While this section relates to a solicitor general, and thus primarily to the solicitor general of a superior court, it nevertheless applies in the case sub judice as to the Solicitor of the Criminal Court of Fulton County.

The Criminal Court of Atlanta was established by Act of the General Assembly of Georgia, approved September 6, 1891, Vol. 2, Ga. L. 1890-91, p. 935, and by Section VII that court was classified as a court of record and the laws of the State pertaining to the procedure, practice and power of the superior courts of the State were conferred on the Criminal Court of Atlanta. By Section VIII of the Act all duties attached to the officers of the superior courts were attached to officers of the Criminal Court of Atlanta. By Section XI of the Act it is provided that the proceedings after accusation shall conform to the rules governing like proceedings in the superior courts. By the Act of the General Asssembly of Georgia, approved February 23, 1935, the name of the Crim-

inal Court of Atlanta was changed to Criminal Court of Fulton County. Ga. L. 1935, p. 498.

Moreover, in the case sub judice there was evidence by witnesses that to each of the prior accusations the defendant had pleaded guilty. Furthermore, it appears from the record that in the December term, 1959, on accusation for abandonment and the plea of guilty thereto, the defendant was sentenced to serve twelve months on the public works of Fulton County, and that the sentence was suspended upon condition that the defendant pay the sum of $6.00 per week through the Adult Probation Office "for the support of *his minor child.*" (Emphasis supplied). It also appears from the record that the defendant testified under oath that he had made support payments over the intervening years. The mother testified that the last payment was made in October, 1968.

2. One of the enumerations of error is that the trial court committed reversible error "when the State questioned child or prosecutrix." In appellant's brief it is merely stated that the appellant urges "that the questioning of the child by the solicitor deprived the defendant of his right to cross examination and his right to confrontation of the witnesses against him as he has a constitutional[al] right to do." No authority is cited in support of this contention. It may well be regarded as abandoned. Rule 17 (c) (2). *Dunaway v. Empire Mortgage &c. Co.,* 118 Ga. App. 224, 225 (163 SE2d 237). Assuming that this enumeration of error may be considered, it is without merit. From the record it appears that during the trial the child involved in the accusation of abandonment, without objection on the part of counsel for the defendant, remained in the courtroom in company with his mother, the prosecutrix. During the trial the solicitor offered to exhibit the child to the jury, whereupon the court announced that under the rules of evidence the solicitor had a right to exhibit the child; and then the solicitor merely asked the child his name, to which he replied, "Steven Maurice." There was no offer to have the child qualified or testify as a witness. This was followed by a statement on the part of the solicitor directed to the child, "Just turn to the jury." The record is replete with evidence that the name of the child was Steven Maurice Moore, and that the name of his mother, the prosecutrix, was Louise Moore.

In a prosecution of one charged with abandonment of an illegit-

imate child, one of the issues is paternity. It is competent as to this issue for the mother to exhibit the child to the jury. *Hunt v. State,* 101 Ga. App. 126 (112 SE2d 817).

3. The evidence amply supports the verdict and the remainder of the appellant's enumerations of error which are not in this opinion dealt with have only been reasserted in his brief without argument and are deemed abandoned. Rule 17 (c) (2); *Dunaway v. Empire Mortgage &c. Co.,* 118 Ga. App. 224, supra.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED JANUARY 30, 1970.

*Louise T. Hornsby,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers,* for appellee.