## 66092. FIELDS v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of entering an automobile; fleeing and eluding a police officer; and criminal interference with government property. In his enumeration of errors he questions the sufficiency of the evidence and the charge of the trial court.

At trial a deputy sheriff testified that when he stopped to investigate a van sitting on the shoulder of the southbound lane of the interstate highway, he saw a person carrying a red object in his hand run in front of the van, jump into a car and leave in a hurry. The officer followed in a car fully marked as a sheriff's vehicle. During a high-speed chase the pursued car cut across the highway median and headed north. It then exited the highway and ran a red light and three stop signs. Upon reaching a grocery store parking lot, the pursued car locked bumpers with the deputy sheriff's vehicle, causing slight damage to the latter's bumper. When the car was finally stopped, the driver, later identified as appellant, surrendered.

Another deputy sheriff who took part in the chase stated that he searched appellant's car and found a drill. He then escorted appellant to the jail where he noticed that appellant had a fresh cut on his right

hand. The officer returned to the disabled van and found the passenger window broken and traces of blood on the shards. The driver of the disabled van identified the drill found in appellant's car as one identical to the one which should have been in the van. He further testified that none of the van's windows or doors was broken when he secured them before leaving the van to seek assistance.

1. Appellant questions the sufficiency of the evidence to support his conviction for entering an automobile with intent to commit theft. Inasmuch as no one saw appellant enter the van, the evidence against him on this charge was entirely circumstantial. OCGA § 24-4-6 (Code Ann. § 38-109) requires that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." In the case before us, the jury was charged as to the state's burden of proof beyond a reasonable doubt and as to the reasonable hypothesis rule. The jury found appellant guilty and this court will not disturb that finding unless the verdict of guilty is unsupportable as a matter of law. *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643). See also *Mills v. State,* 160 Ga. App. 49 (286 SE2d 55).

OCGA § 16-8-18 (Code Ann. § 26-1813.1) states that "[i]f any person shall enter any . . . motor vehicle with the intent to commit a theft . . . he shall be guilty of a felony . . ." Appellant's presence at the van, his possession of an item as he fled, his flight itself, his cut hand and the bloodied broken window, and the discovery of the drill in his car were circumstances from which the jury could conclude that appellant had entered the vehicle. Furthermore, the evidence was sufficient to establish the intent required by the statute. The driver of the van testified that he had left certain tools and parts locked inside the van. " 'The presence of valuables inside the premises can support an inference of intent to steal . . . [Cit.]' " *Green v. State,* 158 Ga. App. 321 (1) (279 SE2d 763). The evidence was sufficient to justify a rational trier of fact to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant also enumerates as error lack of evidence to support a charge of criminal interference with government property. OCGA § 16-7-24(a) (Code Ann. § 26-2613) provides that "[a] person commits the offense of interference with government property when he destroys, damages, or defaces government property . . ." Appellant maintains that the state failed to prove the ownership of the government property allegedly damaged, an essential element of the crime charged. See *State v. Williams,* 246 Ga. 788 (272 SE2d 725). However, the record does not support appellant's contention. The state presented evidence that a Bartow County sheriff's automobile

suffered damage when it locked bumpers with appellant's car during the high-speed chase. The deputy sheriff who was driving the sheriff's car at the time of the incident testified that the vehicle was a completely marked "Bartow County Sheriff's Car 615-I." The evidence was sufficient to authorize the jury to convict appellant of the crime. Jackson v. Virginia, supra.

3. In his third enumeration of error, appellant argues that the trial court's charge raised an inference of guilt on the part of appellant by assuming that the property was stolen. At trial, however, in response to the court's inquiry, counsel for appellant made no exception or objection to the charge; nor did he reserve the right to object at a later date. "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or . . . reserv[e] the right to object on motion for new trial or on appeal." *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855). Appellant waived his right to raise the issue on appeal.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 11, 1983.

*C. Gregory Culverhouse,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.