## 67615. BURSE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of rape and aggravated sodomy. On appeal he contends the trial court erred (1) by denying his motion for a mistrial after the prosecuting attorney placed appellant's character in issue; and (2) by allowing the prosecutor to cross-examine appellant about the criminal record of a defense witness.

1. Emmett Ash, a defense witness, testified that he had known appellant all his life, and on the date the offenses occurred they came from Chattanooga, Tennessee to Atlanta, Georgia, together to see if appellant's wife had a boyfriend. En route they drank half a fifth of whiskey. On cross-examination Ash testified that he didn't know of any problems appellant had with drugs and did not know of any other problems appellant had. The prosecuting attorney then asked: "You don't know he has had any problems with the law at all?" Appellant objected and asked for a mistrial; the prosecuting attorney then withdrew the question, and appellant excepted to the court's ruling withdrawing the question.

Appellant argues that the question itself placed appellant's character in issue. This argument was decided adversely to appellant in *Burns v. State*, 166 Ga. App. 766, 769 (5) (305 SE2d 398) (1983), where we stated that it generally is held that no harmful error occurs where no answer is given to an improper question. Hence, this enumeration of error is without merit.

2. Appellant contends it was error to allow the prosecuting attorney to cross-examine appellant about the criminal record of Emmett Ash, because the proper way to impeach a witness by a prior conviction is to introduce a certified copy of the conviction. We agree with this contention, because a witness cannot be discredited *even by his own testimony* that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Clarke v. State*, 239 Ga. 42, 44 (3) (235 SE2d 524) (1977). If the witness himself may not be discredited by his own testimony that he has been convicted, it follows that the witness may not be discredited in such a manner by the testimony of a different witness. The state may not do indirectly that which it may not do directly. *Loder v. State*, 140 Ga. App. 166, 170 (3) (230 SE2d 124) (1976). Thus, the trial court erred by allowing the prosecuting attorney to cross-examine appellant about the criminal record of Ash.

We do not believe the trial court's error, however, was so harmful as to require reversal. Ash was not present when the victim was raped and sodomized. Further, Ash's testimony corroborated the victim's testimony in all respects except that Ash testified the victim (appel-

lant's sister-in-law) let appellant and him into her apartment when they knocked, while the victim testified appellant broke in through a sliding glass door by using a jack handle. In this regard, the police found that the door had been jimmied and a tire tool for a jack was lying on the patio, so at the time appellant was cross-examined Ash's testimony on this issue had already been discredited.

The evidence of rape and sodomy was overwhelming, and applying the standard for harmless error set out in *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), it can be fairly said that it was highly probable that any erroneous admission of appellant's testimony as to Ash's criminal record did not contribute to the judgment in this case. *Hamilton v. State*, 239 Ga. 72, 76-77 (235 SE2d 515) (1977).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 1, 1984.

*Melvin Robinson, Jr., John L. Hulsey, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Margaret V. Lines, Assistant District Attorneys,* for appellee.