72736. DICKERSON v. THE STATE.
(350 SE2d 835)

BEASLEY, Judge.

Dickerson was convicted of interference with government property, OCGA § 16-7-24 (a), obstruction of officers, OCGA § 16-10-24 (a) and possession of a firearm by a felon, OCGA § 16-11-131 (b). An appeal was filed on his behalf by counsel appointed to represent him. Although Dickerson attempted to dismiss his counsel and requested this court to "disregard" everything done by counsel, counsel did not withdraw and did file a brief. Since a party is not entitled to both have counsel and represent himself, Ga. Const. 1983, Art. I, Sec. I, Par. XII, this court will consider the case on the merits.

The only enumeration of error is on the general grounds, although the argument does not specify what elements of the crime are not evidenced. While Dickerson was out of the courtroom after having been removed for disruptive behavior, counsel on his behalf put forth a defense of insanity and did not contest the state's proof except as to the issue of intent. The only evidence offered by the defense was Dickerson's record from Central State Hospital and Georgia Regional Hospital, reflecting a diagnosis of schizophrenia. The state countered with the testimony of the sheriff, who had known defendant almost all of his life.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to authorize the jury to find Dickerson sane and capable of forming the requisite intent to commit the

crimes charged beyond a reasonable doubt. *Syms v. State*, 175 Ga. App. 179 (1) (332 SE2d 689) (1985).

With regard to the possession of a firearm count, there was testimony that he was in possession of a loaded pistol when arrested. Proof of a prior conviction of a felony was a copy of the judgment and sentence for burglary in Bulloch County in 1980 of a Bobby Dickerson. The copy was not certified and would have been subject to objection on this ground. See OCGA §§ 24-5-20 & 24-7-20; *Brantley v. State*, 121 Ga. App. 79, 80 (1) (172 SE2d 852) (1970); *Harrison v. State*, 120 Ga. App. 812, 814 (4) (172 SE2d 328) (1969); cf. *Burse v. State*, 170 Ga. App. 775 (2) (318 SE2d 511) (1984). However, no objection was made and thus it was waived. Nor was the document objected to on the ground of relevancy, i.e., that it was the same Bobby Dickerson. Therefore, a reasonable inference could be drawn that it was, particularly since it involved the same district attorney, and the detective who testified that he developed this information was familiar with defendant.

With regard to the remaining two charges, the evidence shows that Dickerson was driving recklessly in the parking area of an apartment building and otherwise acting erratically when he was seen by a resident. The police were called and when they arrived, Dickerson ran into a wooded area. There he was arrested by the officers, who identified themselves as such to Dickerson. He discarded a .25 caliber loaded pistol upon being discovered. As he and the officers approached the patrol car, a crowd gathered and Dickerson struggled violently with the officers, kicking them and cursing. He eventually had to be shackled hand and foot after kicking out the windows and otherwise damaging the patrol car. Although no direct proof of the ownership of the patrol car was submitted, there was inferentially sound evidence that the car was a Statesboro Police Department patrol vehicle occupied by two officers.

All of this evidence was sufficient to prove interference with government property, *Fields v. State*, 167 Ga. App. 400, 401 (2) (306 SE2d 695) (1983), and obstruction of officers. OCGA § 16-10-24 (a); *Carr v. State*, 176 Ga. App. 113 (1) (335 SE2d 622) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 17, 1986.

*Phillips D. Hamilton*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.