A99A1478. BENIKE v. THE STATE.
(523 SE2d 622)

SMITH, Judge.

Michael Alfred Benike appeals his conviction for possession of methamphetamine. In his sole enumeration of error, he contends the trial court erred in denying his motion to suppress. We disagree and affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Viewed in this light, the evidence shows that a Coweta County sheriff's deputy was on patrol when he observed Benike's car on I-85 traveling approximately ten miles over the speed limit. After stopping Benike, the deputy observed that his

eyes were glassy and that he had trouble speaking; the deputy called for backup from another deputy familiar with sobriety testing. After the second deputy arrived, the first deputy asked Benike for permission to search his vehicle, and Benike consented. The search revealed a variety of drug-related items, including a set of scales lying in plain view, cutting agents, and bent spoons with burn marks and residue on them. The second deputy also attempted to perform a field evaluation on Benike, but did not complete it because Benike was so intoxicated that he was unable to perform the tests and the deputy was concerned for his safety alongside the roadway. Benike was arrested for speeding and for driving under the influence. A search of his person incident to the arrest revealed a bag containing suspected methamphetamines.

We first note that the officer properly stopped Benike for speeding. Benike's contention that the stop was pretextual because a lookout had been placed on his car as a possible drug courier is therefore without merit. *Simmons v. State*, 223 Ga. App. 781-782 (1) (479 SE2d 123) (1996). And "[w]hether a citation is issued is 'of no consequence' in determining the officer's probable cause to stop the vehicle. [Cit.]" *Allenbrand v. State*, 217 Ga. App. 609, 610 (458 SE2d 382) (1995).

Benike relies on *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324) (1991) (physical precedent only), in which we affirmed a trial court's grant of the defendant's motion to suppress because his permission to "look inside" his truck did not include opening a closed bag on the seat. Id. at 321. Benike argues that he granted permission only to "look through" his vehicle, and that his permission did not include the search of closed containers such as a gray tote bag that he contends officers opened and searched.

But Benike's account of the incident is not undisputed. One officer testified that the tote bag was not closed and that the officers found drug paraphernalia, including scales, in the passenger compartment of the car and within reach of the driver. And evidence was presented that the tote bag was not fully searched until after Benike's arrest, when a search of a *closed* zip pocket revealed four smaller bags containing suspected methamphetamines. Furthermore, while one officer testified that he asked for permission to "look through" Benike's vehicle and one police report shows that Benike gave permission to "check the vehicle," the other officer testified at one point that Benike gave permission for them to "search." As in *Corley*, supra, in which we affirmed the trial court's assessment of the evidence and witnesses, the findings below are analogous to a jury verdict, and we must defer to them if supported by *any* evidence. *Tate*, supra.

While Benike's counsel repeatedly and vigorously cross-examined the officers regarding their exact words, the sequence of events

leading to Benike's arrest, and the wording of the police reports, the trial court is the final judge of credibility. Discrepancies in the officers' testimony, if any, go only to weight and credibility, and the trial court as trier of fact was authorized to believe parts of the officers' testimony and reject other parts. *Hicks v. State*, 221 Ga. App. 735, 736 (1) (472 SE2d 474) (1996).

The trial court did not err in denying Benike's motion to suppress.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 18, 1999.

*Lee Sexton*, for appellant.

*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.