## A02A0414. EDWARDS v. THE STATE.
(565 SE2d 127)

ANDREWS, Presiding Judge.

Reginald Edwards appeals his convictions after a bench trial of possession of cocaine (as a lesser included offense of possession with intent to distribute), interference with government property, tampering with evidence, obstruction of an officer, and misdemeanor possession of marijuana. He contends that the trial court erred in denying his motion to suppress evidence and that the evidence was insufficient.[1] For the following reasons, we affirm.

Viewed in the light most favorable to the judgment,[2] the record[3] discloses that just before midnight on September 7, 2000, an on-duty police officer driving a patrol car observed a Volkswagen and a Ford Explorer stopped side by side facing the same direction and blocking the road. As the officer was approaching the cars, he observed the passage of what appeared to be money from a woman in the Volkswagen to Edwards in the Explorer and turned on his blue lights. He stopped his patrol car and continued to approach on foot, at which time Edwards started to drive off in the Explorer but stopped when the officer yelled for him to. The officer smelled a strong odor of burning marijuana; and, upon requesting the occupant of the front passenger seat of the Explorer to step out, he observed what appeared to be marijuana in plain view on the floor of the front on the passenger side.[4]

The officer told Edwards he was going to search the Explorer, and Edwards replied that he should go ahead as Edwards had nothing to hide.[5] The officer found marijuana on the floor of the front on the passenger side and $200 above the driver's sun visor, which Edwards stated belonged to him. Under the edge of the driver's seat he found $96 that Edwards testified he received from the woman in the Volkswagen and a bag containing one large rock and two small ones of suspected crack cocaine. The officer placed the bag on the dash and told Edwards he was under arrest.

---

[1] Edwards' notice of appeal states simply that he is appealing from an order denying his motion to suppress evidence. Nonetheless, we deem the notice of appeal amended by the enumeration of errors in his brief. Cf. OCGA § 5-6-48 (d); *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] "[I]n reviewing the denial of a motion to suppress, this Court may consider both the transcript of the motion hearing and the trial transcript." *Barnes v. State*, 228 Ga. App. 44 (491 SE2d 116) (1997); accord *Goddard v. State*, 244 Ga. App. 730, 731 (1) (536 SE2d 160) (2000).

[4] The officer testified that, in addition to charging Edwards with possession of marijuana, he charged the passenger with that offense as well. The passenger was not a party to the indictment, however, nor did he testify at trial.

[5] The officer also searched Edwards and found $500 or $600 in his pocket.

At this point Edwards snatched the bag, struggled with the officer and got away from him, only to drop the bag upon running into the patrol car[6] after he had run 15 or 20 feet. Edwards picked up the bag again, and another struggle ensued, during which he dropped the bag again. Edwards got away, leaving the bag. When the officer recovered the bag, it had a hole in it, apparently from having been bitten, and the large rock was missing. The officer then continued his search of the Explorer and found a partially smoked marijuana cigar in the rear that appeared to have just been thrown toward the back.

1. Edwards moved to suppress the alleged controlled substances found by the officer on the ground that they had been found during an unreasonable search. After a pre-trial hearing, the court denied the motion. Edwards' counsel, during his opening statement, reserved the unreasonable search issue. When the State tendered the controlled substances immediately prior to resting, however, and the court asked Edwards' counsel whether there was any objection, the response was: "No, Your Honor. Other than as long as the state will stipulate that [the bag] contains three separate quantities, one was marijuana found in the floorboard of the passenger side and one in the rear of the vehicle and one quantity of cocaine that was found in the driver's side of the vehicle." "Failing to object at trial is not a waiver of the motion to suppress grounds, but affirmatively stating there is no objection in effect concedes the point." (Punctuation and footnote omitted.) *Mack v. State*, 251 Ga. App. 407, 408 (1) (554 SE2d 542) (2001).

It is true that, at the beginning of closing argument, Edwards' counsel stated that he "wanted to comment . . . about the stop to complete our record," cited a case to support his argument that, in Edwards' case, there was no articulable suspicion for the stop, and stated that "[w]e're trying to preserve [the unreasonable search] issue." We have been unable to find any authority, however, for the proposition that an objection, once waived, may be resuscitated in this — or any — manner. Accordingly, we hold that consideration of the unreasonable search claim is procedurally barred.

2. Edwards' other contention is that the evidence was insufficient to convict him of the offenses of possession of cocaine, misdemeanor possession of marijuana, and interference with government property.[7] With respect to the first two of these, he contends that the

---

[6] He broke off a mirror in the process, which was the basis for the charge of interference with government property.

[7] He makes no argument that the evidence was insufficient to convict him of tampering with evidence or obstruction of an officer, and those points are thus deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

only connection between himself and the controlled substances was spatial proximity and that his passenger had equal access to the drugs.

> [U]nder [the equal access] doctrine merely finding contraband in a car occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. Conversely, if additional evidence exists of possession of contraband by the defendant, whether circumstantial or direct, . . . the [trier of fact] must determine guilt or innocence.

(Citation and punctuation omitted.) *Washington v. State*, 253 Ga. App. 611, 614 (1) (560 SE2d 80) (2002).

(a) Here, there was "additional evidence" of Edwards' possession of the cocaine in the officer's testimony that Edwards grabbed the bag containing the three rocks from the dash and began to run and that, when retrieved, a hole had apparently been bitten in the bag and the large rock was missing from it. This evidence was clearly sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) Id. at 319 (III) (B).

(b) As to the marijuana, because Edwards was the driver, he is presumed to have had exclusive possession of the controlled substances found in the car. *Warren v. State*, 254 Ga. App. 52, 53 (1) (561 SE2d 190) (2002).

> The [equal access] rule, . . . in the automobile context, is . . . that evidence showing that a person . . . other than the . . . driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the . . . driver.

Id.

Here, the evidence showed that Edwards did have a passenger, but it also showed that the officer smelled a strong odor of burning marijuana as he approached the Explorer and that he found a partially smoked marijuana cigar that "appeared to have just been thrown toward the back." Accordingly, while it is conceivable that

Edwards was merely in proximity to the cigar[8] — and he testified that he neither had nor saw any marijuana — we do not view the equal access evidence as strong enough to overcome the presumption of his possession. *Warren v. State,* supra. "In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses." (Punctuation omitted.) *Thomas v. State,* 253 Ga. App. 866 (1) (560 SE2d 745) (2002).

Accordingly, we find the evidence sufficient with respect to the charge of possession of marijuana.

(c) Finally, with respect to Edwards' conviction of interference with government property, we note that "[a] person commits the offense of interference with government property when he . . . damages . . . government property." OCGA § 16-7-24 (a). Here, viewed in the light most favorable to the verdict, the record shows that Edwards broke the mirror on the patrol car upon running into it. Thus, this case is quite similar to *Fields v. State,* 167 Ga. App. 400, 401 (2) (306 SE2d 695) (1983), where evidence that a marked sheriff's car suffered damage when it locked bumpers with the defendant's car during a high-speed chase was found sufficient under *Jackson v. Virginia,* supra. Accordingly, we affirm this conviction as well.

*Judgment affirmed. Mikell, J., concurs. Phipps, J., concurs specially.*

PHIPPS, Judge, concurring specially.

As recognized by the majority, the rule in this state is that "[f]ailing to object at trial is not a waiver of the motion to suppress grounds, but affirmatively stating there is no objection in effect concedes the point." (Punctuation omitted.) *Mack v. State,* 251 Ga. App. 407, 408 (1) (554 SE2d 542) (2001). In *Mack,* defense counsel volunteered that there were no objections to the evidence without any comment having been made by the trial court. In this case, the trial court asked if there were any objections to the evidence, and defense counsel responded in the negative. In *Dyer v. State,* 233 Ga. App. 770 (505 SE2d 71) (1998), this court made clear that responding negatively to a question by the court whether there is an objection to the evidence constitutes an affirmative statement of no objection and waives the issue.

Under *Dyer,* however, it is misleading to state the general rule as being that "failing to object at trial is not a waiver of the motion to suppress grounds." Instead, we should say that failure to object at

---

[8] And the other marijuana found on the floor of the front on the passenger side.

trial *is* a waiver *if* the trial court asks whether there are any objections.

The Georgia case law on waiver in this area thus constitutes a difficult maze through which to navigate. In this case, it has resulted in defense counsel's (apparently unintentional) waiver of his client's right to appeal the trial court's denial of a motion to suppress. This case points out the need for defense counsel to be forever diligent during the course of a trial to avoid the kind of inadvertent waiver that apparently occurred here. Because consideration of the unreasonable search claim is procedurally barred by the waiver, I reluctantly concur in the majority's affirmance of Edwards's convictions.

DECIDED MAY 6, 2002 —

*Whitehurst, Blackburn, Warren & Kelley, Steven B. Kelley,* for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney,* for appellee.