## A03A0881. WELDON v. THE STATE.
(586 SE2d 741)

MILLER, Judge.

Following a jury trial, James Weldon was convicted of interfering with government property, obstructing a law enforcement officer, and driving under the influence. On appeal he challenges the sufficiency of the evidence on each of the counts. Holding that evidence showed the essential elements of each crime, we affirm.

Construed in favor of the verdict, the evidence showed that an officer employed by the Fort Oglethorpe Police Department witnessed Weldon driving a vehicle erratically around 3:00 in the morning. Weldon was flashing his lights, blowing his horn, and weaving in and out his lane, which the officer felt was a threat to the public. When Weldon pulled into a parking lot, the officer pulled his patrol car behind him, approached him, and detected a strong odor of alcohol on his breath. After failing the field sobriety tests administered by the officer, Weldon agreed to a breath test and was placed in the back of the officer's patrol car to be taken to the police station for the test.

While in the patrol car, Weldon yelled obscenities at the officer, threatened to kill the officer, and kicked and beat his head against the window and door until the door was warped and the window was pushed out of its frame. When police at the station attempted to administer the breath test on Weldon, he grabbed the intoximeter's tube and jerked the machine off its stand, unplugging it. He refused to continue with the test.

Weldon was charged with interference with government property (damage to patrol car), obstructing a law enforcement officer (threats and jerking the breath machine), and DUI (less safe). A jury found him guilty on all charges, and he appeals, challenging the sufficiency of the evidence on each charge.

1. OCGA § 16-7-24 (a) provides that "[a] person commits the offense of interference with government property when he destroys, damages, or defaces government property. . . ." Damaging a police vehicle by kicking and butting one's head against the door and window until the door is dented and the window frame is broken suffices for a conviction. *Bales v. State*, 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998); see *Preacher v. State*, 258 Ga. App. 258, 259-260 (1) (573 SE2d 498) (2002) (breaking off interior door handle on police cruiser suffices); *Dickerson v. State*, 180 Ga. App. 852, 853 (350 SE2d 835) (1986) (kicking out windows on patrol car suffices).

Weldon argues that no evidence showed government ownership of the vehicle, which is an essential element of the offense. See *State v. Williams*, 246 Ga. 788, 789-790 (2) (272 SE2d 725) (1980). Weldon ignores (i) his own testimony that he was placed in a "police car," (ii)

the officer's testimony that he was employed by the Fort Oglethorpe Police Department, that Weldon damaged his "patrol car," and that the officer, who had the car repaired under a purchase order from the city, gave the bill to the city Chief of Police, and (iii) the photograph exhibit showing the car marked as "POLICE" with a patrol car number and showing the car with a city government license tag. "Although no direct proof of the ownership of the patrol car was submitted, there was inferentially sound evidence that the car was a [Fort Oglethorpe] Police Department patrol vehicle occupied by [an] officer[ ]." *Dickerson*, supra, 180 Ga. App. at 853; *Fields v. State*, 167 Ga. App. 400, 401-402 (2) (306 SE2d 695) (1983) (ownership shown by marking as county sheriff's car); see generally *Williams*, supra, 246 Ga. at 790 (2) (need only show that damaged property was owned by government without identifying particular agency).

2. OCGA § 16-10-24 (a) describes the offense of obstructing an officer as when "a person . . . knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties. . . ." Speech which threatens violence against the officer amounts to obstruction or hindrance. *Ballew v. State*, 245 Ga. App. 842, 844 (1) (538 SE2d 902) (2000); see *Arnold v. State*, 249 Ga. App. 156, 159 (1) (b) (545 SE2d 312) (2001). In addition to threatening to kill the officer, Weldon grabbed and jerked the intoximeter breath machine off its stand when police attempted to give him a breath test. The evidence sufficed on this charge.

3. A driver who operates a vehicle while under the influence of alcohol to the extent that it is less safe for him to drive is guilty of DUI under OCGA § 40-6-391 (a) (1). Contrary to Weldon's argument, "there is no requirement that the driver actually commit an unsafe act to violate OCGA § 40-6-391 (a) (1)." (Footnote omitted.) *Susman v. State*, 256 Ga. App. 94, 95-96 (2) (567 SE2d 736) (2002). The State need only prove that alcohol impaired the defendant's driving ability. Id. at 96 (2). Methods of proof may include evidence of (i) erratic driving behavior, (ii) failure to pass field sobriety tests, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that the alcohol made it less safe for the defendant to drive. *Fuller v. State*, 256 Ga. App. 840, 842-843 (2) (570 SE2d 43) (2002). Here the officer testified to all of the above. The evidence sufficed to sustain the DUI conviction.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED AUGUST 22, 2003.

*Brian M. House*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, John L. O'Dell, Assistant District Attorney,* for appellee.