## A11A1911. HARRISON v. THE STATE.
(722 SE2d 774)

BOGGS, Judge.

Bernard Harrison III was indicted for felony obstruction of a law enforcement officer by offering violence, misdemeanor obstruction of a law enforcement officer, and interference with government property. A jury found him guilty of the lesser included offense of

---

misdemeanor obstruction on the first charge and guilty of the remaining two charges. His amended motion for new trial was denied, and he appeals only as to his conviction for interference with government property. Harrison contends that the trial court erred in its charge to the jury and in denying his motion in limine. He also asserts ineffective assistance of counsel. Finding no error, we affirm.

The facts, construed to support the jury's verdict, show that two Douglas County sheriff's deputies attempted to execute an arrest warrant for a probation violation on Harrison. After unsuccessfully visiting Harrison's home, they located him at a nearby swimming pool and informed him that he was under arrest. Harrison asked for permission to put on his clothes, which were lying on a chair about five feet from the pool, and the deputies allowed him to do so. But after Harrison sat down to put on his shoes and a deputy told him he could not hug his girlfriend goodbye, he stood up and "bolted." One of the deputies grabbed him, he "whipped [the deputy] around," they struggled on the edge of the pool, and then both fell into the water. Harrison freed himself from the officer in the water, emerged from the pool, and ran toward the gate. The second officer attempted to stop Harrison, made contact with him, and fell to the ground with Harrison, breaking his glasses and sustaining cuts and abrasions on his face. Harrison again freed himself and fled through the gate, not to be seen again until he turned himself in several days later. The fall into the pool ruined the officer's cell phone and damaged his new walkie-talkie, both the property of the Douglas County Sheriff's Department. The deputy testified that the property was damaged while Harrison was obstructing and hindering his attempts to arrest him.

1. Harrison first asserts that the trial court erred in giving the charge:

> An injury or damage is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably probable consequence of an act of the defendant.[1]

Harrison contends that a causation analysis is inapplicable to the offense of interference with government property.

The language in question is taken from *Pitts v. State*, 253 Ga.

---

[1] The trial court also charged the jury that intent "may be in your discretion inferred when it is a natural and necessary consequence of an act. Whether or not you draw such an inference is a matter solely within your discretion."

App. 373, 374 (1) (559 SE2d 106) (2002), a vehicular homicide case. Pitts led the police on a high speed chase that ended in a collision; his eight-week-old daughter, who was a passenger in his vehicle, was seriously injured and later died. Pitts contended the evidence was insufficient to support the conviction because the police officer's attempt to execute a stopping maneuver was the cause of the collision, not any action on his part. We observed that the trial court instructed the jury on "direct and proximate cause," id. at 375 (1), and held the evidence sufficient for the jury to conclude that the victim's death was "a reasonably probable consequence" of the appellant's actions. Id.

Similarly, in *Edwards v. State*, 255 Ga. App. 269 (565 SE2d 127) (2002) (full concurrence in Division 2), after discovering money and a bag of drugs in Edwards' car, a police officer told Edwards he was under arrest. Edwards snatched the bag, struggled with the officer, broke away from him, and fled, but dropped the bag when he ran into the side of the officer's patrol car. Id. at 269-270. His collision with the car broke off a mirror, "which was the basis for the charge of interference with government property." Id. at 270, n. 6. Edwards challenged the sufficiency of the evidence on this charge, and we observed:

> [A] person commits the offense of interference with government property when he damages government property. OCGA § 16-7-24 (a). Here, viewed in the light most favorable to the verdict, the record shows that Edwards broke the mirror on the patrol car upon running into it. Thus, this case is quite similar to *Fields v. State*, 167 Ga. App. 400, 401 (2) (306 SE2d 695) (1983), where evidence that a marked sheriff's car suffered damage when it locked bumpers with the defendant's car during a high-speed chase was found sufficient under *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)].

Id. at 272 (2) (c).

Like the defendants in *Edwards* and *Pitts*, Harrison did not have any direct intention to damage government property, but did have the intention to resist his arrest and flee from the police. Our Supreme Court

> has explained that proximate cause is the standard for criminal cases in general. In a criminal case, proximate cause exists when the accused's act or omission played a substantial part in bringing about or actually causing the victim's injury or damage and the injury or damage was

> either a direct result or a reasonably probable consequence of the act or omission.

(Citations and punctuation omitted.) *State v. Jackson*, 287 Ga. 646, 648-649 (2) (697 SE2d 757) (2010).

Harrison asserts that actual intent is required here, because cases involving criminal damage to property require a showing of intent. But those statutes, as well as the criminal trespass statute, include a requirement that the person "intentionally" (OCGA §§ 16-7-21 (a), (e), 16-7-23 (a) (1)), "knowingly" (OCGA §§ 16-7-21 (b), 16-7-22 (a)), or "recklessly or intentionally" (OCGA § 16-7-23 (a) (2)) commit the proscribed act. OCGA § 16-7-24 (a), in contrast, contains no such requirement, but states in its entirety: "A person commits the offense of interference with government property when he destroys, damages, or defaces government property." Compare OCGA § 16-7-24 (b), which requires that a person "forcibly" interfere with or obstruct passage into or from government property. Harrison argues that absurd results may arise from this distinction. But "statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law." (Citations and punctuation omitted.) *Burke v. State*, 274 Ga. App. 402, 404 (2) (618 SE2d 36) (2005). Any change in the intent requirements of the statute is for the legislature, not this court.

Here, that a police officer may fall into the water and damage his equipment is a reasonably probable consequence of resisting arrest and struggling with the officer at the side of a swimming pool. In the absence of a specific statutory provision, the general standard of proximate cause applies. The trial court's instruction on proximate cause therefore was not error.

2. Harrison also complains that the trial court erred in denying his motion in limine to prohibit reference to the fact that his arrest was on a probation violation. But the trial court found the evidence relevant as part of the res gestae and observed, correctly, that the reason for Harrison's arrest also was relevant because Harrison contended during voir dire and at trial that he ran from the police because he was frightened and confused.

> Evidence which incidentally puts character in issue may be admitted if otherwise relevant. The evidence at issue here was relevant to explain why the officers went to [defendant's] residence. That the evidence showed that [defendant] was on probation and/or in violation of his probation does not change the result here.

(Citations and punctuation omitted.) *Jones v. State*, 268 Ga. App. 246, 249-250 (2) (601 SE2d 763) (2004) (testimony that officers went to defendant's residence to execute a probation warrant and introduction of arrest warrant with original cocaine possession offense redacted did not impermissibly place his character in evidence). This enumeration of error is without merit.

3. Finally, Harrison contends that his trial counsel was ineffective. Under the two-part test established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Harrison

> must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong.

(Citations and punctuation omitted.) *Evans v. State*, 288 Ga. 571, 576 (7) (707 SE2d 353) (2011).

(a) Harrison first asserts that trial counsel was ineffective in failing to object to the introduction of testimony that officers sought to arrest him on a warrant for violation of his probation and the introduction of that warrant. But, as discussed in Division 2, above,

> [t]estimony explaining the reason for appellant's arrest need not be excluded simply because it incidentally shows the commission of another crime. Since the evidence at issue did not impermissibly put [Harrison's] character in issue, [Harrison] cannot complain of his trial counsel's failure to object to the evidence.

(Citations and punctuation omitted.) *Jones*, supra at 250 (2).

(b) Harrison next asserts that his trial counsel was ineffective in failing to object to photographs of the injuries suffered by one of the deputies. But Harrison's trial counsel testified at the hearing on the motion for new trial that he made that decision for tactical and strategic reasons in support of his successful attempt to obtain a not guilty verdict on the charge of felony obstruction by offering violence to an officer:

> Officer Pounds was really our star witness and he got up here and he said he didn't see . . . Mr. Harrison kick Officer Fields. That was in my mind what convinced the jury that it wasn't felony obstruction. You know, one of our techniques or tactics was not to be adversarial with Officer

Pounds at all and to actually apologize for what happened to Officer Pounds.

So I didn't want to — you know, I kind of felt like objecting to that and saying that that wasn't important might somehow take that feeling of remorsefulness away from the jury and we didn't want to do anything that seemed like we were discrediting or arguing with Officer Pounds about what happened because his version of the facts is what we wanted the jury to accept.

In these circumstances,

[i]t is sufficient to say that the decisions on which witnesses to call, how to conduct cross-examinations, and what objections to make are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not amount to ineffective assistance. [Cit.]

*Miller v. State*, 273 Ga. App. 171, 173-174 (4) (614 SE2d 796) (2005). This is particularly true because trial counsel was successful in obtaining a verdict of not guilty on the felony obstruction charge. "This strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render." (Citation and punctuation omitted.) *Wilson v. State*, 306 Ga. App. 827, 832 (2) (b) (703 SE2d 400) (2010). The trial court did not err in denying Harrison's motion for new trial on the ground of ineffectiveness of counsel.

*Judgment affirmed. Mikell, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 1, 2012.

*Mark R. Jeffrey*, for appellant.
*David McDade, District Attorney, James A. Dooley, Emily K. Richardson, Assistant District Attorneys, Jeffrey L. Ballew*, for appellee.