BOGGS, Judge,
dissenting.
Because the evidence was sufficient to permit the jury to conclude that Rainey took substantial steps toward the commission of an armed robbery, and because no other enumeration of error warrants reversal, I respectfully dissent.
1. Rainey first attracted the attention of a mechanic at the auto shop and his foreman because he parked in a remote area of the business’ parking lot, near the adjacent drug store. After moving to a vantage point behind tinted glass windows, they were able to see that Rainey’s license plate was covered up with a piece of paper, that he appeared to be wearing a mask, and that he was behaving in a “suspicious” manner, talking on his cell phone and constantly “looking around, looking over his shoulder seeing if there was anybody there.” When Rainey got out of his car, they saw that he was indeed wearing a mask, as well as a hooded sweatshirt with the hood up and *419 a hat. Rainey began pacing and “walking aimlessly,” “acting erratically,” walking through bushes up a slope and around the back of the drug store.[8] Both the mechanic and foreman testified that they believed Rainey might be trying to rob the shop; one of the employees called the police and the foreman armed himself, believing that a robbery was imminent.
The first sheriff’s deputy to arrive entered the auto shop and spoke with the manager. He and the second deputy, who arrived a few minutes later, entered the drug store and found no person wearing a mask, but saw Rainey standing outside the front door. Rainey began to walk “in a faster way than a normal person would walk,” through shrubbery and down an embankment toward the auto shop. When Rainey reached his car, the first deputy approached him and observed him “throw or toss something inside of the vehicle” through the open window.
The deputies engaged Rainey in conversation, and he told them that he was waiting for his daughter; she, however, testified and denied this. When his attention was called to the insurance bill taped over his license plate, Rainey stated that his daughter must have done it to remind him to pay the bill; she denied this as well. Rainey then invited the deputies to “look inside if you want,” and the first deputy responded, “You don’t mind if I look throughout the vehicle?” and Rainey answered, “No.” In addition to a working police scanner concealed by a towel on Rainey’s car seat, a roll of tape which matched that used to cover the license plate, and a mask “kind of between the passenger seat and the center console,” the deputy discovered a checkbook lying on the floor, leaning up against the driver’s seat. It contained not one but two robbery notes, one written on the outside cover of the checkbook register and one on the clear plastic sleeve of the checkbook. Both notes stated that Rainey had a gun, and one further stated, “there is one outside listening to a police scanner.”
This evidence authorized the jury to conclude that Rainey’s conduct went beyond mere preparation and constituted a substantial step toward committing an armed robbery.
To constitute an attempt there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere *420 preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case. The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial.
(Citations, punctuation and footnote omitted.) Heard v. State, 299 Ga. App. 44, 48 (1) (681 SE2d 701) (2009). In Heard, we affirmed a conviction for attempted robbery after a sheriff’s deputy noticed Heard and another man standing outside a bank and observed that both were wearing hats although it was a warm day, and Heard had his hat pulled down “abnormally low,” id. at 48 (1), and that both avoided eye contact. Id. at 45. When the officer attempted to speak with Heard and his companion, they avoided him and then fled in a vehicle but were quickly apprehended. Id. at 45-46 (1). A search of the vehicle revealed a hat, a ski mask, gloves, a bandanna, sunglasses, and a robbery note. Id. at 46-47 (1). We rejected Heard’s argument that his conduct constituted mere preparation, observing:
Here, the evidence supports the jury’s conclusion that Heard took substantial steps toward the commission of robbery He wore a hat pulled abnormally low over his head, he scouted the bank, he moved to enter the bank but diverted his steps at the last minute, and a note indicating a bank robbery was going to occur was found in the car Heard drove. The fact that further steps needed to be taken before the crime could be completed does not preclude a finding that Heard took a substantial step toward committing a robbery It was within the jury’s province to conclude that but for the presence of the officer, Heard would have committed a bank robbery
Id. at 48 (1). Similarly, in Evans v. State, 216 Ga. App. 21 (1) (453 SE2d 100) (1995), the appellants drove slowly around several parking lots looking for a car to enter, and had burglary tools in their possession, but left the scene without breaking into a car because they noticed that they were being followed. Id. at 21-22 (1). The appellants contended that there was insufficient evidence that they took a substantial step to enter an automobile, but we rejected that argument, noting:
[The appellants’] discussion regarding the theft of a car stereo and their possession of tools to aid in the commission of such a theft, without more, would not have amounted to an *421 attempt to enter an automobile, but merely would have been preparatory acts not proximately leading to the consummation of the crime of entering an automobile. [The appellants], however, went beyond these remote acts of preparation when they drove to the shopping center parking lots in search of a specific car to enter.
Id. at 22 (1). See also Adams v. State, 178 Ga. App. 261 (342 SE2d 747) (1986), in which we observed:
The “substantial step” language of OCGA § 16-4-1 shifts the emphasis from what remains to be done to what the actor has already done. The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial. In addition to assuring firmness of criminal purpose, the requirement of a substantial step will remove very remote preparatory acts from the ambit of attempt liability and the relatively stringent sanctions imposed for attempts.
(Emphasis in original.) Id. at 263 (2) (b). In Adams, the appellant and his co-defendants drove a considerable distance to the hotel where they planned to commit a robbery. Id. However, they were stopped by police while they were driving around the hotel parking lot. Id. The appellant fled and was apprehended; police discovered that he was armed with a handgun and had two stocking caps on his head, one with holes cut in it for his eyes, nose, and mouth. Id. We concluded that the appellant’s actions were “inexplicable under the circumstances as a lawful act and are more than mere preparation,” and that the jury was authorized to find that substantial steps had been taken toward the commission of armed robbery Id. at 263-264 (2) (b).
In New v. State, 270 Ga. App. 341-342 (1) (606 SE2d 865) (2004), distinguished by the majority, the facts are generally similar to those shown here. New was observed in a business parking lot moving his car around in an unusual fashion, surreptitiously watching bystanders, and wearing a mask. Id. at 341 (1). The only distinguishing factor is that New was found in possession of a BB gun, while no weapon was found in Rainey’s possession. Id. at 342 (1). But the absence of a weapon is not dispositive. In Prins v. State, 246 Ga. App. 585, 585 (1) (539 SE2d 236) (2000), overruled in part on other grounds, Miller v. State, 285 Ga. 285, 287, n. 1 (676 SE2d 173) (2009), we affirmed Prins’ conviction for armed robbery even though no weapon was seen or found. Prins walked to a bank window and handed the teller a note reading, “I have a gun Put 100 50 20 in bag I will kill you I have *422 nothing to lose.” Prins, supra, 246 Ga. App. at 585 (1). While he did not take any action to indicate that he was holding a weapon, one of his hands was not visible to the teller. Id. at 586 (1). We noted that for an armed robbery conviction, only “some evidence from which the presence of a weapon may be inferred” is required. (Citations omitted.) Id. “Furthermore, the question is whether the defendant’s acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon.” (Citations and punctuation omitted.) Id.
Since the commission of armed robbery does not require the presence of an actual weapon, but only evidence from which a weapon’s presence may be inferred, the notes discovered in Rainey’s checkbook, taken in combination with the other behavior observed, could be considered by the jury as a substantial step toward the commission of an armed robbery.[9]
All our decisions on this issue reiterate that it is not our province to decide when or whether “mere preparation” becomes a “substantial step” constituting criminal attempt; that decision is for the jury. Here, the jury was authorized to conclude that Rainey’s conduct, which was alarming enough to cause the foreman at the auto repair shop to arm himself and have an employee call the police, taken in combination with the notes, was sufficient to constitute a substantial step toward commission of an armed robbery The jury could have concluded that Rainey had the checkbook with the robbery notes on his person when he entered the CVS to scout or to rob it, but that he noticed the arrival of law enforcement at the auto repair shop, whereupon he left the CVS, took a circuitous route back to his vehicle, and tossed the checkbook into his car. In other words, “but for the presence of the officer [s], [Rainey] would have committed [an armed] robbery.” Heard, supra, 299 Ga. App. at 48 (1). The evidence was sufficient under Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and we should affirm.
2. Additionally, for the reasons stated below, I do not believe that either of Rainey’s remaining enumerations of error warrants reversal. Rainey asserts two instances of ineffective assistance of trial counsel: (a) failure to file a motion to suppress the evidence obtained *423 in the search of his car; and (b) failure to object to testimony by a sheriff’s investigator that he contends went to the ultimate issue of the case.[10]
In reviewing a claim of ineffective assistance,
[ujnder the two-part test established in Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), [Rainey] must prove both that his trial counsel’s performance was deficient and that there is a reasonable probability that the trial result would have been different, if not for the deficient performance. If an appellant fails to meet his burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong.
(Citations and punctuation omitted.) Harrison v. State, 313 Ga. App. 861, 865 (3) (722 SE2d 774) (2012).
As a general rule, reasonable trial tactics and strategies do not amount to ineffective assistance of counsel. The decisions on which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his or her client. Whether an attorney’s trial tactics were reasonable is a question of law, not fact. When assessing the reasonableness of counsel’s actions, a court must evaluate counsel’s performance from his or her perspective at the time of trial. This Court reviews a trial court’s ruling on an ineffective assistance claim on appeal by accepting the trial court’s factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]
Hughley v. State, 330 Ga. App. 786, 791 (4) (769 SE2d 537) (2015).
(a) Rainey first complains that trial counsel was ineffective in failing to file a motion to suppress the items found in the search of his vehicle.
Ordinarily, on the appeal of a trial court’s ruling on a motion to suppress, the burden is on the State to show that the scope of an appellant’s consent to search was not exceeded. State v. Long, 232 Ga. App. 445, 445-446 (502 SE2d 298) (1998). But when counsel is alleged to be ineffective due to failure to file a motion to suppress, the *424 appellant must make a “strong showing” that the motion would have been granted. Millsap v. State, 275 Ga. App. 732, 736 (3) (c) (621 SE2d 837) (2005). And “we defer to the trial court’s findings of facts in reviewing its ruling on an ineffective assistance of counsel claim unless they are clearly erroneous, and the ‘clearly erroneous’ test is the same as the ‘any evidence rule.’ [Cits.]” Gravitt v. State, 301 Ga. App. 131, 133-134 (1) (687 SE2d 150) (2009).
One of the deputies testified to his conversation with Rainey as follows:
Q. What, if anything, did he say?
A. He offered to let me look inside the vehicle.
Q. And how did he do that? . . . what did he say?
A. I believe his exact words were, “You can look inside if you want.’’And I replied to him, ‘You don’t mind if I look throughout the vehicle?” Which he replied, “No.”
We have held that, without more, consent to “look inside” a vehicle may not be arbitrarily expanded in scope to include a full-scale search of the interior and the contents of any containers. See, e.g., State v. Diaz, 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989). But here, the first deputy specifically followed up Rainey’s offer with a request to “look throughout the vehicle,” and Rainey agreed. Moreover, the second deputy specifically testified that Rainey gave consent to a search:
Q. Did you hear Mr. Rainey give [the first deputy] permission to search his vehicle?
A. Yes, he did.
No testimony or evidence at the hearing on the motion for new trial contradicted the deputies’ testimony, and the trial court found that Rainey “consented to a search of the car.”[11] We cannot say that the trial court’s ruling is clearly erroneous because it is supported by some evidence. See Benike v. State, 240 Ga. App. 400, 401 (523 SE2d 622) (1999). And “[i]t is not ineffective assistance of counsel to refrain from making a futile motion or filing a meritless motion to suppress.” (Citations and punctuation omitted.) King v. State, 287 Ga. App. 375, 377 (2) (a) (651 SE2d 496) (2007).
*425 (b) Rainey’s second claim of ineffective assistance is that trial counsel was ineffective for failing to object to the testimony of a sheriff’s investigator going to the ultimate issue in the case. “Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury” (Citation and punctuation omitted.) Batten v. State, 295 Ga. 442, 445 (3) (a) (761 SE2d 70) (2014). Here, the investigator testified on direct examination:
Q. What did you arrest Mr. Rainey for?
A. Criminal Attempt of Armed Robbery
Q. And why was it that you arrested him for Criminal Attempt to Commit Armed Robbery?
A. Based on the evidence that I could see at the scene it appeared to me that Mr. Rainey had taken steps towards carrying out an Armed Robbery that day.
The contention that this testimony went to the ultimate issue is without merit. In Oliphant v. State, 295 Ga. 597, 600 (2) (a) (759 SE2d 821) (2014), the appellant claimed that his counsel should have objected to playing for the jury a portion of his videotaped police interview, in which a police officer explained to him why he could be charged as a party to the crime. He contended that
the officer’s statements constituted an improper opinion on the ultimate issue of [his] guilt as an accomplice. We disagree, because here the officer was clearly not offering opinion testimony on the ultimate issue but was merely informing [the appellant] as to the probable cause for his arrest. Counsel’s failure to object to this [testimony] does not constitute deficient performance. [Cit.]
Id. Similarly, in Batten, supra, a detective testified “identifying appellant as the person who [he] arrested for committing this murder.” (Punctuation omitted.) 295 Ga. at 444 (2). Our Supreme Court held that the appellant did not meet his heavy burden to show ineffectiveness on the basis of counsel’s failure to object to this testimony, concluding that the testimony was “without consequence” because “[t]he jury could reasonably infer appellant, who was on trial for shooting the victim, was arrested for that crime.” Id. at 445 (3). Similarly, the jury could infer that Rainey was arrested for the crime for which he was on trial, and the witness was not testifying to the *426 ultimate issue of Rainey’s guilt but to why he arrested him; in other words, the “probable cause for his arrest.” Oliphant, supra, 295 Ga. at 600 (2) (a).
Decided July 13, 2016
Reconsideration denied July 28, 2016
Zell & Zell, Rodney S. Zell, for appellant.
Shannon G. Wallace, District Attorney, Cliff Head, Assistant District Attorney, for appellee.
Moreover, at the hearing on the motion for new trial, trial counsel testified that the witness “said [Rainey] had taken steps. He didn’t say substantial steps. If he had said substantial, I guess I would have jumped up.”[12] “[T]rial counsel was not ineffective where he articulated a valid strategic reason for not objecting to . . . evidence.” (Citation omitted.) Adams v. State, 276 Ga. App. 319, 324 (6) (a) (623 SE2d 525) (2005). Here, even assuming that the testimony was objectionable, the “strategic decision not to object to this testimony was not so patently unreasonable that it amounted to deficient performance.” Silvey v. State, 335 Ga. App. 383, 397 (3) (b) (iii) (780 SE2d 708) (2015). And while trial counsel agreed with Rainey’s appellate counsel at the hearing on the motion for new trial that he “should have objected sooner, perhaps sooner,” it is well established “that hindsight has no place in an assessment of the performance of trial counsel, and a lawyer second-guessing his own performance with the benefit of hindsight has no significance for an ineffective assistance of counsel claim.” (Citation and punctuation omitted.) Shaw v. State, 292 Ga. 871, 876 (3) (a) (742 SE2d 707) (2013).
For these reasons, I respectfully dissent.
I am authorized to state that Judge Branch joins in this dissent.

 Rainey entered the drug store several times and asked odd questions of the cashier. The manager testified that the store had no record of Rainey as a pharmacy customer.

 The trial court and counsel discussed at some length the lack of proof of a weapon. Ultimately, the jury was presented with a choice between criminal attempt to commit armed robbery and criminal attempt to commit robbery, and decided in favor of armed robbery. Defense counsel briefly argued the absence of a weapon in closing. The jury was correctly charged on armed robbery and robbery, attempt, and abandonment. But Rainey does not argue these issues on appeal.

 To the extent that Rainey asserts that the search of his vehicle was unlawful, he has waived that claim by failing to file a written motion to suppress or to object to the admission of that evidence at trial. Ferrell v. State, 312 Ga. App. 122, 125 (2) (717 SE2d 705) (2011).

 The motion was heard and ruled upon by a successor judge rather than the judge who presided over Rainey’s trial.

 Trial counsel did object shortly afterward, when the witness began to testify in detail to the legal reasons for bringing the charges: “Your Honor, I’m going to object if he’s going to start stating matters of law.”