## A04A0326. WALLER v. THE STATE.
### (600 SE2d 706)

MIKELL, Judge.

James H. Waller, Jr., was charged in a nine-count indictment with aggravated assault, attempted removal of a weapon from a public official (OCGA § 16-10-33), criminal attempt to commit arson, obstruction of an officer (three counts), and terroristic threats (three counts). The jury returned a verdict of guilty on the attempted arson, not guilty on the weapon charge, and "no decision" on the remaining charges. The state nolle prossed the latter charges, and the trial court sentenced Waller to serve five years for the attempted arson. He appeals, challenging the sufficiency of the evidence. We affirm.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[1] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.[2]

Criminal attempt is defined as the performance, with the intent to commit a specific crime, of any act which constitutes a substantial step toward the commission of that crime.[3] In the case at bar, the testimony of Waller's daughter, Precious, is sufficient to establish the requisite act. Precious testified that on the evening of May 12, 2003,

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Punctuation and footnotes omitted.) *Dodson v. State,* 257 Ga. App. 344 (1) (571 SE2d 403) (2002).

[3] OCGA § 16-4-1.

Waller "asked my mother for ten dollars. She didn't have it. He asked her again. She told him she didn't . . . have it. He threw eggs on the floor. He went outside and threw a pot of flowers on the floor. And then he came in with the gas can." Precious, who had one child and was seven months pregnant with another, testified that Waller poured the gasoline on the floor. She took her son and ran with her mother to the house next door. Precious testified that she was "hyperventilating," and her mother called the police. The neighbor testified that Precious and her mother smelled like gasoline.

Chief Kent Lawrence of the Eatonton Police Department testified that when he arrived at Waller's house, the odor of gasoline in the kitchen was so strong that he called the fire department. Assistant Chief Eugene Hubert of the Eatonton Fire Department testified that his firemen used a positive pressure fan to blow the gasoline fumes out of the house. In addition, the firemen placed a substance on the floor to dry the gasoline.

Waller took the stand. He testified that he overreacted when he heard his wife and daughter laughing in the house; that he told them, "Ya'll think I'm wrong about burning this house down"; and that he poured a substance on the kitchen floor containing a mixture of gasoline and other chemicals as an "experiment . . . to get rid of roaches, ants, termites, pests, slugs, [and] snails."

Waller alleges that the evidence failed to show that he intended to commit arson when he poured gasoline on the floor. "The question of intent is peculiarly for the jury where there is any evidence from which it may be inferred."[4] The act committed by Waller "is sufficiently wayward to permit a rational jury to infer the intent to commit arson beyond a reasonable doubt."[5]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 27, 2004.

*Adams & Ford, Francis N. Ford*, for appellant.
*Fredric D. Bright, District Attorney, DuPont K. Cheney, Jr., Assistant District Attorney*, for appellee.

---

[4] (Citation and punctuation omitted.) *Pendergrass v. State*, 199 Ga. App. 467 (405 SE2d 297) (1991).
[5] (Citations omitted.) *Luttrell v. State*, 176 Ga. App. 508, 509 (4) (336 SE2d 369) (1985) (indictment alleged defendant put gallon of gas on electric burner on stove).