## A04A1645. NEW v. THE STATE.
(606 SE2d 865)

RUFFIN, Presiding Judge.

A jury found Kavin New guilty of criminal attempt to commit armed robbery. New appeals, arguing that the State presented insufficient evidence to support his conviction and that he received ineffective assistance of counsel. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we view the evidence in a light favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that, on January 7, 2000, several people standing outside of a McDonald's restaurant observed a white car in the parking lot. According to one witness, the driver, who was apparently sitting down low in the seat, "peek[ed] [his] head up [several times] and look[ed] [at them] in the rear view mirror." The car remained in the same parking space for 15 or 20 minutes. The driver then moved the car behind the McDonald's, stayed there for a few minutes, made a U-turn, and parked on a side street between the McDonald's and a gas station. As the car passed the people standing outside of the restaurant, they saw that the driver was wearing a mask.

---

[1] See *Waller v. State*, 267 Ga. App. 608 (600 SE2d 706) (2004).

[2] See id.

The McDonald's manager called the police, and Officer Everett Spellman of the Gwinnett County Police Department responded. When he arrived at the McDonald's, Spellman saw a parked car matching the description provided to the police. Spellman approached the car, and the driver, who was not wearing a mask at that point, got out and moved toward him. Spellman identified New as the man who got out of the car.

As New walked toward him, Spellman noticed a gun tucked into New's pants. Spellman told New to put his hands in the air, but New kept his hands by his side and continued to approach the officer. New then grabbed the gun, which looked like a semiautomatic handgun, from his waistband. Spellman fired two shots, wounding New, who dropped the gun on the ground. An ambulance was called, and the paramedics cut off portions of New's clothing to treat him, leaving the clothing at the scene.

The police recovered the gun and determined that it was, in fact, a BB gun. An officer also collected several pieces of clothing from the ground at the scene, including a black ski mask. In addition, a second BB handgun was discovered in New's car.

New testified that he went to McDonald's to purchase something to eat. When he had difficulty finding his money, he parked his car between the McDonald's and the gas station so that he could search his clothing for money. At that point, Spellman approached his car and ordered him to get out. As New walked to the officer, he remembered that he had a BB gun tucked in his waistband. New testified that after he raised his hands and told Spellman about the gun, Spellman shot him. New further testified that he was wearing a ski mask around his neck for warmth, "like a turtleneck."

The jury apparently disbelieved New's testimony and found him guilty of criminal attempt to commit armed robbery.[3] On appeal, New argues that the evidence was insufficient to support the jury's verdict. We disagree.

Under OCGA § 16-4-1, "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Criminal attempt thus requires performance of an overt act, as well as an intent to commit the crime.[4]

---

[3] New also was indicted for aggravated assault upon Officer Spellman and possession of a firearm during the commission of a felony. The trial court, however, directed a verdict for New on those two counts. As to aggravated assault, the trial court found a fatal variance between the charge as alleged in the indictment and the definition of aggravated assault in the Code. As to possession of a firearm, the trial court determined that a BB gun is not a "firearm" for purposes of this offense. The State does not challenge, and thus we do not address, either ruling.

[4] See *Adams v. State*, 178 Ga. App. 261, 262 (2) (342 SE2d 747) (1986).

New contends that, at most, the evidence shows mere preparation for an armed robbery, not a substantial step toward the commission of the crime. Undoubtedly, "[m]ere acts of preparation, not proximately leading to the consummation of the intended crime, will not suffice to establish an attempt to commit it."[5] In some circumstances, however, preparatory acts can result in criminal attempt. As we have noted:

> To constitute an attempt there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case. . . . The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial. In addition to assuring firmness of criminal purpose, the requirement of a substantial step will remove very remote preparatory acts from the ambit of attempt liability and the relatively stringent sanctions imposed for attempts.[6]

The evidence shows that New went to McDonald's armed with a BB handgun that resembled a semiautomatic pistol. He parked his car in several different locations in the parking lot, surreptitiously watching a group of people standing outside the restaurant, and wore a mask that covered his face. Moreover, when confronted by Officer Spellman, New drew his gun. Although New attempted to explain his conduct, the jury was authorized to conclude that such conduct is inexplicable as lawful actions. The evidence also supports the conclusion that, rather than mere preparation, these acts constituted a substantial step toward the commission of armed robbery.[7] The fact that further steps needed to be taken before the crime could be completed does not preclude a finding that New took a substantial

---

[5] (Punctuation omitted.) Id. at 263 (2) (b).

[6] (Punctuation omitted.) Id.

[7] See id. at 263-264; *Evans v. State*, 216 Ga. App. 21, 22 (1) (453 SE2d 100) (1995); see also OCGA § 16-8-41 (a) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."); *Johnson v. State*, 266 Ga. App. 898, 900 (1) (598 SE2d 551) (2004) (evidence that defendant robbed cab driver using BB pistol sufficient to sustain armed robbery conviction).

step toward committing armed robbery.[8]

The evidence similarly authorized a finding of intent to commit armed robbery. " 'The question of intent is peculiarly for the jury where there is any evidence from which it may be inferred.' "[9] New's conduct in the McDonald's parking lot, possession of the BB handgun, use of a mask, and response when Officer Spellman approached his car support an inference that he intended to commit armed robbery.[10]

Finally, New argues that the State's circumstantial evidence did not "exclude every other reasonable hypothesis save that of the guilt of the accused."[11] Citing his own explanation for his conduct, he asserts that his actions were consistent with a completely lawful purpose and intent. But, as explained by our Supreme Court,

> questions regarding the reasonableness of hypotheses are generally to be decided by the jury, and in a case in which the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis except that of the guilt of the accused, the jury's finding of guilt will not be disturbed unless the verdict is legally insupportable.[12]

The jury was entitled to reject New's testimony regarding his conduct at the McDonald's.[13] And, given the evidence presented, the jury was authorized to conclude that the State's proof excluded every reasonable hypothesis except New's guilt. Accordingly, we will not disturb the jury's verdict.[14]

2. New also claims that he received ineffective assistance of counsel at trial. To succeed on this claim, New "must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency."[15] We will not reverse a conviction based on ineffective assistance of counsel "unless counsel's conduct so undermined the

---

[8] See *Brown v. State*, 242 Ga. App. 858, 861 (1) (c) (ii) (531 SE2d 409) (2000); *Adams*, supra at 263.

[9] *Waller*, supra at 609. See also OCGA § 16-2-6 ("A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.").

[10] See *Waller*, supra; *Brown*, supra at 861 (1) (c) (iii).

[11] OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").

[12] *Roberts v. State*, 272 Ga. 822, 824 (1) (537 SE2d 86) (2000).

[13] See id.

[14] See id.; *McGuire v. State*, 243 Ga. App. 899, 900 (1) (534 SE2d 549) (2000).

[15] *Wood v. State*, 264 Ga. App. 787, 788-789 (592 SE2d 455) (2003).

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[16]

(a) New first claims that trial counsel was ineffective in failing to request the following jury instruction on bare suspicion or mere speculation: "Facts and circumstances, which merely place upon the defendant a grave suspicion of the crime charged, or which merely raise a speculation or conjecture of the defendant's guilt, are not sufficient to authorize a conviction of the defendant." According to New, had such charge been given, "the result [of the trial] would obviously have been different."

We disagree. The trial court fully charged the jury on, among other things, the presumption of innocence; the State's burden of proving each element of the crime, including the element of intent, beyond a reasonable doubt; the jury's responsibility to acquit New if the State failed to meet this burden; the jury's duty to resolve evidentiary conflicts and issues of witness credibility; the difference between direct and circumstantial evidence; and the definition of criminal attempt to commit armed robbery.

Viewed as a whole, these instructions informed the jury of the State's need to prove New guilty beyond a reasonable doubt, as well as the type of evidence that can satisfy this burden of proof. We find no reasonable probability that an additional charge on mere suspicion or speculation would have produced a different outcome at trial. Thus, even assuming, without deciding, that trial counsel was deficient in failing to request this instruction, New cannot show prejudice, and his ineffective assistance claim on this basis fails.[17]

(b) New also asserts that trial counsel was ineffective for "failing to object [to] or reserve objections to the court's charge." Once again, New argues that the court's charge should have included an instruction on bare suspicion or mere speculation. He further claims that the trial court was required to give the bare suspicion/mere speculation charge even without a written request, but that trial counsel waived this error by failing to reserve objections to the court's jury instructions.

As discussed above, trial counsel's failure to request such charge — or to object to its absence — did not prejudice New. And he has pointed to no other error in the court's instructions. Accordingly, New has not shown that counsel's failure to reserve objections to the charge prejudiced him.[18]

---

[16] Id. at 789.

[17] See id. at 791 (4); *Lowe v. State*, 241 Ga. App. 335, 336-337 (1) (b) (526 SE2d 634) (1999).

[18] See *Jones v. State*, 263 Ga. 835, 838 (2) (439 SE2d 645) (1994) ("Failure to object to a court's charge . . . is not ineffective assistance where the appellant does not show how this prejudiced his case.").

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED NOVEMBER 4, 2004.

*Darel C. Mitchell,* for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney,* for appellee.