## A08A0572. CARR v. THE STATE.

(658 SE2d 419)

BLACKBURN, Presiding Judge.

Following a jury trial, Raymond Carr appeals his conviction of burglary,[1] robbery,[2] and simple battery,[3] contending that the evidence was insufficient to support the verdict, in that (1) the State relied on an allegedly improper "show up" identification, and (2) accomplice testimony implicating Carr was not corroborated. Both contentions are belied by the record; therefore, we affirm.

> On appeal of a criminal conviction, this Court's duty is to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The appellant no longer enjoys the presumption of innocence. Moreover, the Court does not re-weigh the evidence or resolve conflicts in testimony, but rather defers to the jury's assessment of the weight and credibility of the evidence.

(Citations and punctuation omitted.) Walker v. State.[4]

So viewed, the evidence shows that after spending the day smoking crack cocaine, Carr and two accomplices (a woman and a man) decided to rob the woman's mother to obtain money for more drugs. At approximately 2:00 a.m., they drove to the mother's apartment, knocked on the door, and burst in when the mother came to answer, knocking the mother into the wall. The male accomplice beat and restrained the mother's husband in bed, and Carr found the mother's purse hidden under the bed, as directed by the female accomplice. As the mother swatted at Carr with tomato stakes, the

---

[1] OCGA § 16-7-1 (a).

[2] OCGA § 16-8-40 (a) (1).

[3] OCGA § 16-5-23 (a) (2).

[4] Walker v. State, 282 Ga. 406 (651 SE2d 12) (2007).

three fled the apartment, taking the mother's purse containing approximately $600 from her recently-cashed social security check.

The mother called the police, who later encountered Carr and the female accomplice in a car matching a description of the car from the robbery. After the mother recognized Carr as one of the robbers, police arrested Carr (and ultimately his accomplices). All three were charged with burglary, robbery, battery, and simple battery; the accomplices pled guilty. Following a trial in which both accomplices testified, a jury found Carr guilty of all but the battery charge; Carr's subsequent motion for new trial was denied, giving rise to this appeal.

1. Carr contends that the evidence of the mother's identification of Carr in a "show up" identification was improper and unreliable. This enumeration is without merit.

We note at the outset that Carr did not object to the admission of the "show up" identification at trial; therefore, he waived consideration of this contention on appeal. See *Freeman v. State*[5] ("[w]here an objection to evidence is raised for the first time in a motion for new trial or in this Court, nothing is presented for review") (punctuation omitted).

Nevertheless, despite Carr's waiver, we note that

[w]hen assessing the admissibility of such identification evidence, we apply a two-part test. First, we determine whether the identification procedure was impermissibly suggestive. If it was, we then consider the totality of the circumstances to determine whether a very substantial likelihood existed of irreparable misidentification.

(Punctuation omitted.) *Roberson v. State*.[6] Here, the mother testified that, before she saw Carr at the police identification, she had already recognized him as one of the people she had seen with her daughter earlier in the day. At the "show up" identification, police showed the mother two or three people, one by one, each of whom police explained "may or may not have been involved" in the robbery. The mother viewed each suspect separately outside of the patrol cars in which they were placed, and she immediately identified Carr after passing up the first suspect. Police testified that the mother was "very adamant" at the scene, and in court the mother explained that she was "one hundred percent" positive as to her identification and that, during the robbery, she "clearly" saw Carr and "I seen his face plain, we were very close then." Little more than an hour had passed

---

[5] *Freeman v. State*, 253 Ga. App. 597, 598-599 (1) (a) (560 SE2d 77) (2002).
[6] *Roberson v. State*, 277 Ga. App. 557, 560 (1) (627 SE2d 161) (2006).

between the robbery and the mother's identification. Under these circumstances, evidence of the "show up" identification was admissible to support Carr's conviction. See id. at 561 (identification process not impermissibly suggestive where suspects are placed in separate patrol cars and viewed individually one hour after the crime).

2. Carr also asserts that the testimony of his accomplices was not properly corroborated. However, Carr ignores the fact that both accomplices testified as to Carr's involvement in the crimes. "While, under OCGA § 24-4-8, the testimony of a single accomplice in a felony prosecution is not sufficient to establish a fact, the testimony of one accomplice may be used to corroborate that of another." (Punctuation omitted.) *Navarrete v. State.*[7] Therefore, because of the corroborating testimony from Carr's two accomplices, the accomplice testimony was admissible to support Carr's conviction.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 29, 2008.

*Wystan B. Getz*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

