A08A2276, A08A2277. THURMAN v. THE STATE (two cases).
(673 SE2d 1)

ANDREWS, Judge.

Brenda and James Thurman appeal from the judgment entered after a jury found them guilty of criminal attempt to manufacture methamphetamine. The Thurmans claim that the evidence was insufficient to support the verdict. We agree and reverse.

The evidence at trial, taken in the light most favorable to the verdict, was that the arresting officer in the case testified that he stopped the Thurmans' car after he observed them driving 93 miles an hour in a 70 mile per hour zone. After the Thurmans' car pulled over, the officer saw Brenda Thurman slide across the seat from the

---

passenger's side to the driver's side and saw James Thurman get out of the car on the driver's side, walk around the car, and get in on the passenger's side.

The officer walked up to the car and asked James Thurman for his driver's license. Thurman said that he was not driving and handed the officer an ID card. The officer told Thurman that he saw him driving the car, but Thurman kept arguing that he had not been driving. A search revealed that Thurman's license had been revoked. At that point, the officer arrested Thurman.

While the officer was talking to Thurman, he noticed a chemical odor which he associated with a methamphetamine lab. The officer testified that methamphetamine manufacture was a common problem in the area and he recognized the odor immediately. The officer put James Thurman in the back of his patrol car and then asked Brenda Thurman to get out of the car. He noticed the same odor of methamphetamine on Brenda Thurman.

After being read his *Miranda* rights, James Thurman was asked when was the last time he had used methamphetamine. Thurman replied that it was approximately four or five days earlier.

When officers searched the Thurmans' car, they found an unopened bottle of Heet, one pack of cold pills containing pseudoephedrine, a large unopened bottle of iodine, and some plastic tubing. The officer testified that, based on his training and experience, these ingredients are used in the manufacture of methamphetamine.

The Thurmans were arrested and charged with criminal attempt to manufacture methamphetamine. The indictment alleged a substantial step toward manufacturing methamphetamine in that the Thurmans possessed iodine, Heet, plastic tubing and pseudoephedrine.

1. The Thurmans argue on appeal that the evidence was insufficient to support a conviction for attempt. They contend that the State's evidence showed mere preparation at best, and without some evidence showing a substantial step toward the commission of the crime, this was insufficient.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1.

> In order to constitute the offense of attempt to commit a crime, the accused must do some act towards its *commission*. Commission means the act of committing, doing, or performing; the act of perpetrating. Webster's Dict. Mere acts of preparation, not proximately leading to the consum-

mation of the intended crime, will not suffice to establish an attempt to commit it. . . . Between the preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement towards the commission after the preparations are made.

(Citation and punctuation omitted.) *Groves v. State*, 116 Ga. 516, 516-517 (42 SE 755) (1902).

Procuring or loading a gun, or buying poison, or walking to a particular place, with intent to kill another, is not enough to make one guilty of an attempt to commit murder. The same is true of a purchase of coal oil and matches with intent to commit arson, or the procuring of metal and dies with intent to commit the offense of counterfeiting money. . . . These acts are mere preparations, indifferent in their character, and do not advance the conduct of the party far enough to constitute an attempt.

(Citation and punctuation omitted.) *Groves*, supra at 517.

In *Groves*, the Court determined that there was insufficient evidence to sustain the indictment for attempt to commit robbery by force. The Court held:

We think it manifest that the hiring of the hack, the ascertaining of the fact that the intended victim had no weapons, and the procuring of the false faces for disguise, were merely preparatory acts, and not proximately leading to the consummation of the crime of robbery, and that therefore no attempt to commit that offense was sufficiently charged in the indictment.

Id. at 518.

Likewise, in the instant case, there was at best mere preparation and no substantial step toward the commission of any crime. There are recognized legal uses for all four items found in the truck. When the Thurmans were stopped, they were driving through Georgia on their way to their home in Tennessee. The officer testified that he knew "they were going home. I don't know if they were going home to manufacture Meth." The officer testified that no one investigated further as to whether there was any suspicious activity at the Thurmans' home. Although the officers stated that both Thurmans smelled like a methamphetamine lab, the officers acknowledged that

they never questioned the Thurmans about the smell. Further, the officers acknowledged that the items found in the truck were only a small portion of the ingredients and materials necessary to manufacture methamphetamine. Likewise, the quantity of each item found in the truck constituted only a small portion of the amount of the ingredients and materials needed to manufacture methamphetamine.

In addition, as defense counsel pointed out, the Thurmans were charged with attempting to commit a crime in the future; therefore, the odor of methamphetamine production in their clothes and about their persons was not probative of the crime charged, nor was Thurman's admission that he had used methamphetamine in the past week.

The State cites *New v. State*, 270 Ga. App. 341 (606 SE2d 865) (2004), as support for its argument that the evidence was sufficient. But *New* is not persuasive because the evidence in that case did show substantial steps taken toward the commission of a crime. In *New*, the evidence was that

> New went to McDonald's armed with a BB handgun that resembled a semiautomatic pistol. He parked his car in several different locations in the parking lot, surreptitiously watching a group of people standing outside the restaurant, and wore a mask that covered his face. Moreover, when confronted by Officer Spellman, New drew his gun.

Id. at 343. The Court found this to be a "substantial step" toward the commission of the crime of armed robbery and also held that although New attempted to explain his conduct, the jury was authorized to conclude that such conduct is inexplicable as lawful actions. Id.

Here, we find no such evidence. Accordingly, we conclude there was insufficient evidence to support the jury's verdict of guilty on the charge of criminal attempt to manufacture methamphetamine.

2. In light of our holding in Division 1, supra, we need not address the Thurmans' claim that the trial court erred in denying their motion for directed verdict on the grounds that the case was based entirely on circumstantial evidence and the evidence failed to eliminate all reasonable theories other than the guilt of the accused.

*Judgment reversed. Ruffin, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED DECEMBER 30, 2008 —
RECONSIDERATION DENIED JANUARY 22, 2009.

COBB COUNTY LAW LIBRARY

*David J. Dunn, Jr.,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Elizabeth O. Evans, Assistant District Attorneys,* for appellee.