## A09A1516. COOPER v. THE STATE.
(682 SE2d 154)

BLACKBURN, Presiding Judge.

Following a jury trial, Willie Jesse Cooper was convicted of a single count of intent to defraud a retailer.[1] He now appeals from the denial of his motion for a new trial, claiming that the evidence was insufficient to sustain his conviction because it failed to show that the Wal-Mart store he defrauded was a "retailer." Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, *Drammeh v. State*,[2] the evidence shows that on August 24, 2007, Cooper entered a Wal-Mart store, obtained a shopping cart, and proceeded to the back of the store, where he placed a vacuum cleaner, a steam carpet cleaner, and a bottle of carpet cleaning solution in his cart. Cooper had in his possession a Wal-Mart receipt for these items, and the evidence at trial established that his girlfriend had, in fact, purchased identical items from this Wal-Mart store several days earlier.

Shortly after Cooper came into the store through the garden center, his girlfriend entered the Wal-Mart through the store's main entrance. The girlfriend was carrying a small, previously-purchased item she planned to return. A Wal-Mart employee gave her a pink sticker to place on the item, thereby identifying it as an item being brought in for return. Cooper's girlfriend met him on the vacuum cleaner aisle and gave him the pink sticker, which he placed on the vacuum cleaner in his cart.

Cooper then proceeded to the customer service desk at the front of the store, where he presented a receipt for the items in his cart and sought to return the same for a refund. Wal-Mart employees processed the return and Cooper signed the refund slip and received $372.83 in cash. Immediately after the transaction, police arrested Cooper, who was subsequently charged with and convicted of intent to defraud a retailer. After his conviction, Cooper filed a motion for a new trial, which was denied. This appeal followed.

---

[1] OCGA § 16-8-17 (a) (1).

[2] *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007).

With respect to Cooper's challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation and emphasis omitted.) *Burden v. State*.[3] In determining that question, we consider "the inferences that can be logically derived from the evidence" presented at trial. *Harris v. State*.[4] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Waller v. State*.[5]

To convict Cooper, the State was required to prove that, acting "with intent to cheat or defraud a retailer," Cooper "possesse[d], use[d], utter[ed], [or] transfer[red] . . . a retail sales receipt . . . which result[ed] in a theft of property which exceed[ed] $300.00 in value. . . ." OCGA § 16-8-17 (a) (1). Cooper argues that the evidence failed to demonstrate that Wal-Mart was a retailer, as that term is used in the statute. This argument is without merit.

Although Georgia's criminal code does not specifically define the term "retailer," Cooper acknowledges that a jury would have understood a retailer to be "an entity engaged in the business of selling personal property to the public or to consumers, as opposed to selling to those with intent to resell the items." Cooper fails to acknowledge, however, that the evidence he offered in his defense supported the logical inference that Wal-Mart was a retailer.

Cooper's defense consisted of the testimony of his girlfriend, who admitted that she went to Wal-Mart several days before the incident in question *and purchased, for her personal use*, a vacuum cleaner, steam carpet cleaner, and carpet cleaning solution. She also acknowledged that Cooper was using her receipt from that transaction to return the items in his cart. The girlfriend claimed, however, that the items Cooper sought to return were, in fact, the very items that she had *previously purchased at Wal-Mart*. She explained that she had brought those items into the store to return after dropping Cooper off at the garden center entrance, so that he could *price bicycles in the store* for their daughter. She then met Cooper at the customer service desk and left him with the receipt and the items to make the return, *because she needed to do some grocery shopping at Wal-Mart*. She further testified that *she purchased food while at Wal-Mart* before returning to the customer service desk to look for Cooper.

---

[3] *Burden v. State*, 290 Ga. App. 734, 735 (1) (660 SE2d 481) (2008).
[4] *Harris v. State*, 251 Ga. App. 879, 880 (2) (555 SE2d 485) (2001).
[5] *Waller v. State*, 267 Ga. App. 608 (600 SE2d 706) (2004).

This testimony, standing alone, was sufficient to allow the jury to conclude that Wal-Mart was a retailer — i.e., that it was an entity in the business of selling goods to the public or to the ultimate consumer. See *Phagan v. State*[6] (the testimony of a single witness represents some competent evidence and is sufficient to uphold a jury's verdict). Accordingly, we affirm the trial court's order denying Cooper's motion for a new trial.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JULY 15, 2009.

*Stephen J. Lichtenstein*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.

