A10A0057. JACKSON v. THE STATE.
(690 SE2d 195)

BLACKBURN, Presiding Judge.

Following a jury trial, Melvin James Jackson was convicted of a single count each of criminal trespass[1] and theft by taking (misdemeanor).[2] He now appeals from the denial of his motion for a new trial, asserting that the evidence was insufficient to sustain his convictions. We disagree and affirm.

"In determining the sufficiency of the evidence to sustain a criminal conviction, we view the record in the light most favorable to the verdict, and without affording the defendant a presumption of

---

innocence." *Culver v. State*.[3] So viewed, the record shows that on the morning of February 27, 2006, an employee of a local laundry discovered Jackson in an alley behind the business, attempting to cart away a large aluminum awning that belonged to the laundry. The awning, which had previously been mounted on the front of the building, had been removed and stored behind the business, in preparation for planned renovations to the building.

The employee told Jackson to put the awning back where he found it, and explained to him that it was not trash. After Jackson refused to return the awning to its storage place and continued his efforts to move the same, the employee called police. By the time police arrived, Jackson had left the scene and the awning was missing. The responding officer and the employee, however, found the awning hidden behind another business, down the street from the laundry. They also discovered that the awning, which was originally 24 feet long, had been cut or torn in half. The employee and the officer returned both pieces of the awning to the storage area behind the laundry, and the employee taped a sign to the awning which stated: "This is not trash."

Approximately two hours later, the laundry manager discovered that the awning was again missing from its storage place. The manager contacted police to report the awning stolen and then began to check at local recycling facilities, known for purchasing used aluminum. At one such facility, the manager found Jackson preparing to sell the awning. By this time, the awning had been chopped up into small pieces. The sign stating that the awning was not trash, however, remained intact and was still taped to one of the pieces. When confronted by the manager, Jackson fled the scene. He was later arrested and charged with criminal damage to property in the second degree and theft by taking.

At trial, Jackson testified that the laundry employee never told him that the awning was not trash and that, given its storage location (in an alley behind the building, and in the vicinity of a dumpster), he believed the awning was being thrown away. The jury found Jackson guilty of the lesser included offense of criminal trespass and theft by taking (misdemeanor). He now appeals from the trial court's denial of his motion for a new trial.

> With respect to [Jackson's] challenge to the sufficiency of
> the evidence, the relevant question is whether, after viewing
> the evidence in the light most favorable to the prosecution,
> any rational trier of fact could have found the essential

---

[3] *Culver v. State*, 290 Ga. App. 321 (659 SE2d 390) (2008).

elements of the crime beyond a reasonable doubt. In determining that question, we consider the inferences that can be logically derived from the evidence presented at trial. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Cooper v. State*.[4]

To prove Jackson guilty of criminal trespass, the State was required to show that he "intentionally damage[d] [the] *property of another* without consent of that other person and [that] the damage thereto is $500.00 or less." (Emphasis supplied.) OCGA § 16-7-21 (a). To convict Jackson of misdemeanor theft by taking, the State had to prove that he "unlawfully [took] any *property of another* with the intention of depriving him of the property." (Emphasis supplied.) OCGA § 16-8-2. Jackson argues that the State failed to prove either of these crimes, because the evidence failed to show that he knew that the aluminum awning was the "property of another." Rather, the evidence of the awning's storage location supported Jackson's testimony that he believed that the awning was trash.

Jackson's argument, however, ignores the fact that the evidence in his favor was not uncontradicted. Specifically, the testimony of the laundry employee that she told Jackson not to take the awning and that the awning was not trash, as well as the note attached to the awning stating that it was not trash, refuted Jackson's testimony that he thought the awning was being thrown away. "Where the State and defendant present conflicting evidence at trial, those conflicts are for the jury to resolve." *Culver*, supra, 290 Ga. App. at 323. Thus, we must defer to the jury's determination as to whether Jackson knew that the awning was "the property of another." See *Carr v. State*[5] (this Court "defers to the jury's assessment of the weight and credibility of the evidence") (punctuation omitted); *Medlin v. State*[6] ("[b]ecause the jury alone is charged with judging the credibility of witnesses, it was entitled to disbelieve [the defendant's] version of the facts"). "Obviously, the jury in this case opted to believe the [State's witnesses] and apparently resolved any conflicts in the testimony adversely to [Jackson]." (Punctuation omitted.) *Crane v. State*.[7]

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

[4] *Cooper v. State*, 299 Ga. App. 199, 200 (682 SE2d 154) (2009).
[5] *Carr v. State*, 289 Ga. App. 875, 875 (658 SE2d 419) (2008).
[6] *Medlin v. State*, 285 Ga. App. 709, 716 (3) (647 SE2d 392) (2007).
[7] *Crane v. State*, 297 Ga. App. 880, 883 (2) (678 SE2d 542) (2009).

DECIDED JANUARY 6, 2010.

*Kevin C. Armstrong*, for appellant.
*Gregory W. Edwards, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.