**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 7, 2012**

# In the Court of Appeals of Georgia

A12A1042. LOVE v. THE STATE.

BRANCH, Judge.

Jonathan Michael Love was tried by a Gwinnett County jury and convicted on two counts each of armed robbery[1] and aggravated assault.[2] He now appeals from the denial of his motion for a new trial, asserting that the evidence was insufficient to prove that he was the man who committed the crimes at issue. We disagree and affirm.

When we consider whether the evidence is sufficient to sustain a conviction, we ask "whether, after viewing the evidence in the light most favorable to the

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a). The jury also acquitted Love of two additional counts of armed robbery and four additional counts of aggravated assault. The charges on which Love was acquitted arose out of two incidents of armed robbery that are not at issue in this appeal.

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation, punctuation, and footnote omitted). *Cooper v. State*, 299 Ga. App. 199, 200 (682 SE2d 154) (2009). Moreover, in determining whether the evidence suffices to sustain the defendant's conviction, "we consider the inferences that can be logically derived from the evidence presented at trial." (Citation, punctuation, and footnote omitted.) *Martinez v. State*, 306 Ga. App. 512, 519 (1) (702 SE2d 747) (2010). And "[a]s an appellate court, we do not weigh the evidence, judge the credibility of witnesses, or resolve conflicts in trial testimony." (Citation, punctuation, and footnote omitted.) Id. at 514. Thus, "if the record contains some competent evidence to prove each element of the crime of which the defendant was convicted, even though that evidence may be contradicted, we must uphold the conviction." (Citations omitted.) *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010) .

So viewed, the evidence shows that a husband and wife were accosted by two gunmen as they were attempting to enter a local Goodwill store. One of the men held a gun to the husband's head and then wrestled away the box of change the husband was carrying. The second man held a gun to the wife's head and fought with her over her pocketbook, which the robber eventually grabbed from her shoulder. Both men

2

then fled on foot, out of the shopping center parking lot and across the street. The husband and wife both described the robbers as African-American males wearing jeans. According to the husband, one man was wearing a collared shirt with red and white stripes and the other was wearing a white t-shirt. The wife confirmed that one of the robbers was wearing a white t-shirt, with perhaps another shirt being worn open over it.

When police showed the husband a photographic line up of suspects, he positively identified Marquice Jackson as the man who robbed him of his change box. After Jackson was arrested for both this robbery and several other crimes, he identified Love as the second participant in the robberies outside of the Goodwill store. Police then asked Jackson to describe the clothing Love was wearing at the time of the crimes, and he told them that Love had been wearing a red and white striped shirt.

Jackson testified at trial as a witness for the State, where he admitted to robbing the husband and identified Love as the man who robbed the wife. Jackson also stated that, at the time of the robbery, he was wearing a "white t-shirt and . . . jeans," while Love had on "[s]omething red . . . I know it was red." Jackson explained that after he

3

and Love fled the parking lot of the Goodwill shopping center, they went across the street and got into the car of a friend who drove them away from the scene.

The State also presented the testimony of the driver who confirmed that, on the day in question, he drove Love, Jackson, and another friend to a local convenience store, near the Goodwill shopping center. The driver then went into the convenience store to make a purchase and when he returned to the car, both Love and Jackson were gone. At the instruction of the third friend, who remained in the car, the driver drove to a gas station across the street from the Goodwill shopping center. After they arrived at the gas station, Love and Jackson walked up to the car carrying a box of change; they got into the car, and all four men drove away. Later that day, the driver took Love and Jackson to a grocery store, where they exchanged the coins in the money box for paper money. The investigating officer also testified that, when interviewed about the events on the day of the Goodwill robbery, the driver stated that he had taken Love and Jackson to the grocery store to exchange the coins in the money box for cash.

On appeal, Love asserts that this evidence is insufficient to support the jury's conclusion that he was the second robber. In support of this claim, Love relies on the fact that "[u]nder Georgia law the testimony of a single accomplice, standing alone, is insufficient to convict an accused." (Citation, punctuation, and footnote omitted.)

4

*Martinez*, 306 Ga. App. at 519 (1). And he argues that because the only evidence connecting him to the crimes was the testimony of his alleged accomplice, the evidence was insufficient to convict him.

Love's argument, however, ignores the law holding that a felony conviction based upon the testimony of an accomplice will be upheld where the State also presents "independent corroborating evidence, either testimony from another witness or corroborating circumstances, which connects the accused to the crime." (Footnote omitted.) *Reynolds v. State*, 267 Ga. App. 148, 151 (3) (598 SE2d 868) (2004). This corroborating evidence need not be sufficient to sustain the defendant's conviction independently; it is sufficient if it connects the accused with the commission of the crime and tends to show his guilt. *Terrell v. State*, 268 Ga. App. 173, 175 (2) (601 SE2d 500) (2004). "The amount of corroborative extraneous evidence necessary to connect the accused with the commission of the offense lies peculiarly within the province of the factfinder." (Citation, punctuation, and footnote omitted.) *Daniels v. State*, 306 Ga. App. 577, 581 (1) (703 SE2d 41) (2010).

Here, the evidence corroborating Jackson's testimony identifying Love as a participant in the robbery and assault included the husband's statement to police that one of the robbers was wearing a red and white striped shirt. This description

supported Jackson's statement to the investigating officer that at the time of the robbery Love was wearing a red and white shirt. Additionally, the driver testified that on the day of the robbery, he drove Love and Jackson to an area near the Goodwill store; that he left his car and upon his return Love and Jackson were gone, but that he was instructed to meet them at a gas station across the street from the Goodwill store; that when he did so Love and Jackson returned to the car in the possession of a box full of change; and that he later drove both men to a grocery store to exchange the coins in the box for paper money. This testimony sufficiently corroborated Jackson's identification of Love as a participant in the crimes at issue. Id. ("[e]vidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime") (citation, punctuation, and footnote omitted); *Brady v. State*, 169 Ga. App. 316, 317 (1) (312 SE2d 632) (1983) (a defendant's "unexplained recent possession of goods taken in the armed robbery . . . has some corroborative value"). Moreover, the driver's testimony constitutes sufficient corroboration even if the driver is viewed as a second accomplice. It is well established that "[t]he testimony of one accomplice can corroborate that of another."(Punctuation and footnote omitted.) *Grimes v. State*, 291 Ga. App. 585, 589 (1) (662 SE2d 346) (2008).

6

In this case, the jury had some evidence corroborating Jackson's testimony and connecting Love to the crime. We cannot say, therefore, "that the verdict is contrary to the evidence." (Punctuation and footnote omitted.) *Kemp v. State*, 271 Ga. App. 654, 656-657 (1) (610 SE2d 623) (2005).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*