Rickman, Judge.
Henry Rainey appeals his conviction for criminal attempt to commit armed robbery. Rainey contends, among other things, that the evidence was insufficient to support his conviction. We agree and reverse.
On appeal, “[w]e view the evidence ... in the light most favorable to the verdict and no longer presume the defendant is innocent. We do *414 not weigh the evidence or decide the witnesses’ credibility but only determine if the evidence is sufficient to sustain the convictions.” (Citation omitted.) Hill v. State, 243 Ga. App. 614 (533 SE2d 779) (2000); see Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).
So viewed, the evidence showed that an employee of an auto care store noticed a vehicle with an obscured license plate parked in an unusual location in the parking lot. The employee observed Rainey inside the vehicle talking on his cell phone and wearing a surgical mask. The employee watched Rainey exit his vehicle wearing the mask, a hooded sweatshirt with the hood pulled up, and a hat. He then observed Rainey walking a short distance toward a CVS Pharmacy, which was also near two banks. A manager of the auto care store[1] called 911 and reported his concern that Rainey may rob the store.[2]
ACVS employee saw Rainey come into the store. He testified that Rainey walked around the store for four to five minutes and then inquired about the price of cigarettes, which the employee felt was “strange” because the prices were listed, but also testified that he was never in any fear or danger. The employee testified that Rainey entered the CVS store twice.
A sergeant with the Cherokee County Sheriff’s Office responded to the 911 call and went to the location of Rainey’s vehicle. The sergeant saw Rainey walking toward his vehicle but did not observe him wearing a mask. The sergeant testified that Rainey appeared to throw something inside his vehicle, although he admittedly could not see exactly what Rainey was doing.
Upon questioning from the sergeant, Rainey stated that he was waiting for his daughter. The sergeant observed that Rainey’s license plate was obscured by an insurance bill secured by medical tape, which Rainey speculated may have been taped onto his car by his daughter to remind him to pay his bill. Rainey’s daughter testified that she did not tape the insurance bill on the license plate of the vehicle and that she was not planning on meeting her father.
As the sergeant was questioning him, Rainey offered for the sergeant to “look inside if you want,” to which the sergeant followed up with, “[y]ou don’t mind if I look throughout the vehicle?” and Rainey responded, “No.” The sergeant found a surgical mask, medical tape, and a police scanner in the vehicle. He also located a checkbook *415 on the floor of the vehicle, leaning against the driver’s seat. After searching inside the checkbook, the officer found a note reading, “I have a gun and there is one outside listening to a police scanner so no alarm put $2000.00 in the checkbook and be fast.” A second note was found written on the plastic sleeve of the checkbook, which was essentially the same as the first except that it omitted the language referencing the police scanner. A deputy on the scene thereafter conducted a pat-down search of Rainey, but no weapons were located on him or in his vehicle.
The grand jury returned an indictment charging Rainey with criminal attempt to commit armed robbery and criminal attempt to commit robbery. After a jury trial, Rainey was found guilty of criminal attempt to commit armed robbery. It is from this conviction that Rainey now appeals.
1. Rainey contends that the evidence was insufficient to support his conviction. Specifically, Rainey argues that the evidence showed mere preparation and not a substantial step toward the commission of an armed robbery.
Pursuant to OCGA § 16-4-1, “A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime.” And OCGA § 16-8-41 (a) provides:
A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery
Under Georgia law, “[i]n order to constitute the offense of attempt to commit a crime, the accused must do some act towards its commission.” (Punctuation omitted.) Groves v. State, 116 Ga. 516 (42 SE 755) (1902); see OCGA § 16-4-1.
Commission means the act of committing, doing, or performing; the act of perpetrating. Mere acts of preparation, not proximately leading to the consummation of the intended crime, will not suffice to establish an attempt to commit it. . . . Between the preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is *416 the direct movement towards the commission after the preparations are made. . . . Procuring or loading a gun, or buying poison, or walking to a particular place, with intent to kill another, is not enough to make one guilty of an attempt to commit murder. The same is true of a purchase of coal oil and matches with intent to commit arson, or the procuring of metal and dies with intent to commit the offense of counterfeiting money. These acts are mere preparations, indifferent in their character, and do not advance the conduct of the party far enough to constitute an attempt.
(Citations and punctuation omitted.) Groves, 116 Ga. at 516-517.
In this case, the evidence presented supports a finding that Rainey performed certain acts in preparation for an armed robbery Arguably, it may even support a conviction of criminal attempt to commit robbery.[3] That is not the same, however, as supporting a finding that Rainey took a substantial step toward the commission of an armed robbery See Groves, 116 Ga. at 517.
Rainey’s actions in obscuring his license plate and being in possession of the notes, surgical mask, and police scanner — in the absence of any evidence that he was in possession of a weapon or device having the appearance of a weapon, and in the absence of evidence that he showed anyone the notes — were merely preparatory acts and do not amount to an attempt to commit the crime of armed robbery. See Groves, 116 Ga. at 518 (“We think it manifest that the hiring of the hack, the ascertaining of the fact that the intended victim had no weapons, and the procuring of the false faces for disguise, were merely preparatory acts, and not proximately leading to the consummation of the crime of robbery[.]”); see also Thurman v. State, 295 Ga. App. 616, 619 (1) (673 SE2d 1) (2008) (physical precedent only) (defendants’ possession of materials used in the manufacture of methamphetamine constituted mere preparation to commit the crime); Smith v. State, 156 Ga. App. 695, 696 (275 SE2d 689) (1980) (evidence that the defendant’s girlfriend passed hacksaw blades to him while he was in jail was insufficient to sustain his conviction for attempted escape because while the defendant most likely had an intent to use the blades to escape he had not yet attempted to do so). Compare New v. State, 270 Ga. App. 341, 343-344 (1) (606 SE2d 865) (2004) (evidence was sufficient to support defendant’s conviction for criminal attempt to commit armed robbery *417 where defendant went to a restaurant armed with a BB handgun which resembled a semiautomatic pistol, parked his car in several different locations in the parking lot, watched a group of people standing outside of the restaurant, wore a mask covering his face, and drew his gun when confronted by a police officer).
We find the following cases relied upon by the dissent to be inapposite to the facts before us: Heard v. State, 299 Ga. App. 44, 48 (1) (681 SE2d 701) (2009) (affirming a conviction for criminal attempt to commit robbery — not attempt to commit armed robbery — based upon the defendant suspiciously walking around a bank, moving to enter the bank but abandoning his actions after making eye contact with a police officer, fleeing from the police officer, and possessing in his vehicle a note indicating that he was going to commit a robbery); Evans v. State, 216 Ga. App. 21 (1) (453 SE2d 100) (1995) (affirming a conviction for criminal attempt to enter an automobile where the defendants discussed the theft of a car stereo, possessed the tools to commit the theft, and drove to a parking lot to commit the theft); Adams v. State, 178 Ga. App. 261, 262-264 (2) (a), (b) (342 SE2d 747) (1986) (affirming a criminal attempt to commit armed robbery conviction where the defendants previously discussed committing the armed robbery, drove to a hotel to commit the armed robbery, agreed to rob someone when they arrived at the hotel, and were armed with handguns); New, 270 Ga. App. at 343-344 (1) (discussed supra).
While we agree with the dissent, citing Prins v. State, 246 Ga. App. 585 (1) (539 SE2d 236) (2000),[4] that the presence of a weapon is not required in order to sustain a conviction of armed robbery, we disagree that, in this case, the presence of a weapon could be inferred. In Prins, the defendant handed a bank teller a note demanding that she put money in a bag or he would kill her, all while concealing one of his hands. Id. at 586-587 (1). In affirming Prins’ conviction, this Court held that, “threatening to shoot a victim while keeping a hand concealed shows the weapon element of armed robbery” Id. at 587 (1). In this case, on the other hand, there is no evidence that Rainey gave the notes to anyone or concealed his hands in any way as if to hide a weapon. Furthermore, although certain auto care store employees were alarmed by Rainey’s conduct, the CVS employee testified that he was never in fear of Rainey or otherwise felt as though he was in danger. And as noted above, neither the auto care store nor any of its employees was named a victim in the indictment.[5]
*418 Accordingly, we conclude there was insufficient evidence to support the jury’s verdict of guilty on the charge of criminal attempt to commit armed robbery.[6] See Groves, 116 Ga. at 518; see also Thurman, 295 Ga. App. at 619 (1) (physical precedent only); Smith, 156 Ga. App. at 696.
2. Because of our ruling in Division 1, we need not address Rainey’s remaining arguments.[7]

Judgment reversed.

Barnes, P. J., Miller, P. J., Ellington, P J., McFadden and Mercier, JJ., concur. McMillian, J., concurs fully and in judgment only as to footnote 7. Boggs and Branch, JJ., dissent.

 Neither the auto care store nor any employee thereof is named a victim in the indictment.

 One employee purportedly retrieved his weapon because the situation made him feel “uncomfortable.”

 See OCGA § 16-8-40 (a); see also Heard v. State, 299 Ga. App. 44, 48 (1) (681 SE2d 701) (2009).

 Overruled in part on other grounds by Miller v. State, 285 Ga. 285, 287, n. 1 (676 SE2d 173) (2009).

 CVS is a named victim in the indictment.

 For reasons unexplained by the record, Rainey filed a motion for new trial on September 27, 2012, but the hearing on his motion was not held until August 11, 2015.

 Specifically, we need not address Rainey’s argument that his trial counsel rendered ineffective assistance by failing to move to suppress the physical evidence found in Rainey’s vehicle. We note, however, that the sergeant’s search of the interior of Rainey’s checkbook likely exceeded the scope of Rainey’s consent to “look” inside and/or throughout the vehicle . See State v. Corley, 201 Ga. App. 320, 323 (411 SE2d 324) (1991) (officer exceeded the scope of consent to “look inside” the suspect’s truck when he opened a drawstring bag in the front seat); State v. Diaz, 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989) (officer exceeded defendant’s consent to “look inside” his vehicle when he searched vehicle and opened a shaving kit); see also State v. Neese, 302 Ga. App. 829, 830-831 (691 SE2d 883) (2010) (physical precedent only) (officer expanded the scope of consent to “check” a backpack when the officer unscrewed a flashlight located inside); Amato v. State, 193 Ga. App. 459, 460 (1) (388 SE2d 54) (1989) (consent to look inside vehicle did not extend to removal of vent cover on the door frame). And because the evidence was insufficient to sustain Rainey’s conviction on criminal attempt to commit armed robbery, Rainey could not be retried on the lesser included offense of criminal attempt to commit robbery. See Levin v. State, 334 Ga. App. 71, 75 (2) (778 SE2d 238) (2015) (“[WJhere a defendant is tried and convicted of a crime, and that conviction is reversed due to insufficient evidence, procedural double jeopardy bars re-prosecution for that same crime and any lesser included crime.”) (citation and punctuation omitted).