**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 15, 2022**

# In the Court of Appeals of Georgia

A22A0175. BEST v. THE STATE.

MARKLE, Judge.

Following a jury trial, Stephon Maurice Best was convicted of armed robbery (OCGA § 16-8-41(a)). On appeal from the denial of his motion for new trial, Best contends that the evidence was insufficient to convict him. For the reasons discussed below, we affirm.

Construed in favor of the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows the following: On January 24, 2019, Best, Jaquesia Mobley, Willie Bivens, and Ikhawn Presley were at Bivens's house when Best discussed robbing a store. Mobley then drove Best, Bivens, and Presley to find a store to rob. When they drove by Evan's Grocery, Bivens stated it appeared empty, so Mobley parked at the front of the store and went in to confirm that there

were no patrons. Upon observing only one person in the store, Mobley moved the car to the back of the store, parking on a dirt road. Best and Presley then exited the vehicle while Mobley and Bivens remained in the car. Best was carrying a black gun with an extended clip.

Best and Presley entered the store and ordered the cashier to open the register and give them money, which she did. The cashier could not see either robbers' face because they were wearing masks and she did not recognize them. . Surveillance footage from Evan's Grocery depicted two masked men wearing hooded jackets entering the store. One was wearing white gloves and brandishing a black firearm with an extended clip in his left hand.

Upon exiting Evan's Grocery, Best and Presley returned to the car with Best still in possession of the firearm. Mobley then drove them back to Bivens's house, where Best remarked, "We did that." Mobley and Bivens were later each given about $100.[1] Police who investigated the robbery photographed shoe prints with a distinctive swirl pattern near the dirt road behind Evan's Grocery.

---

[1] Both Mobley and Bivens entered guilty pleas for their part in this robbery.

Two months later, Bivens, Best, Presley, and a fourth individual robbed an Enmarket Station, taking money and Newport cigarettes. Images from surveillance footage at Enmarket Station showed two masked robbers, one wearing camouflage gloves and wielding a black gun with an extended clip in his left hand. The cashier could not recognize or identify the robbers because of their facial coverings.

Bivens later told police that Best and Presley had robbed Enmarket Station. After learning of Best's involvement in that robbery, police obtained and executed a search warrant for his residence, which was a bedroom in his grandmother's house. Police found a pair of white, red, and gray Nike shoes with the same distinctive tread pattern as the print found outside Evan's Grocery. Police also found a black firearm with an extended clip, both white and camouflage gloves, and several packs of Newport cigarettes.

During an interview with police, Best waived his *Miranda* rights and signed a form indicating that waiver, using his left hand to sign. Best also admitted to owning a black gun with an extended clip. Best was charged with armed robbery, individually and as a party to the crime. At trial, the State presented testimony from Bivens and Mobley, both of whom testified to the events as previously summarized. Both store cashiers also testified to the events of the robberies and that they were

3

unable to identify the perpetrators. The jury viewed surveillance footage from Evan's Grocery depicting the two masked robbers, one wielding a black firearm with an extended clip in his left hand, and video of Best's interview with police depicting Best signing a form with his left hand.[2] The State further presented testimony from police involved in the investigation of the two robberies, evidence including the firearm and shoes found in Best's room, and photographs of the shoe prints from the dirt road behind Evan's Grocery. Upon considering all the evidence, the jury convicted Best of armed robbery. Best filed a motion for new trial, which the trial court denied after a hearing. . Best now appeals.

In related arguments, Best contends that the evidence was insufficient to support his conviction for armed robbery because the Evan's Grocery cashier was unable to identify him as one of the two masked men; the video-recording of the armed robbery failed to clearly depict either perpetrator's face; and the people in the getaway vehicle were only able to testify that Best exited the vehicle and entered the store. Best argues that his felony conviction rested solely on the uncorroborated testimony of accomplices. We disagree.

---

[2] Video footage of Best's interview was admitted only to show that he signed the form with his left hand. No audio of the interview was played for the jury.

"When an appellant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted; emphasis in original.) *McDaniel v. State*, 360 Ga. App. 194 (1) (860 SE2d 806) (2021). "[W]e view the evidence in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility but only determine if the evidence is sufficient to sustain the convictions." (Citations and punctuation omitted.) *Rainey v. State*, 338 Ga. App. 413, 413–414 (790 SE2d 106) (2016).

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). OCGA § 16-2-20 (a) and (b) (3) provide that every person who intentionally aids or abets in the commission of a crime may be charged and convicted of the crime.

Although generally the testimony of a single witness is sufficient to establish a fact, when witnesses are accomplices with the accused, "the testimony of a single

5

witness shall not be sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness. . . ." OCGA § 24-14-8. Importantly, "only slight corroboration is required. The necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime." (Citations and punctuation omitted.) *Huff v. State*, 300 Ga. 807, 809 (1) (796 SE2d 688) (2017); see also *Raines v. State*, 304 Ga. 582, 588 (2) (a) (820 SE2d 679) (2018). Indeed, as long as it at least leads to an inference of the defendant's guilt and is independent of any accomplice testimony, corroborating evidence does not have to be sufficient on its own to support a conviction. See *Lewis v. State*, 301 Ga. 759, 761 (1) (804 SE2d 82) (2017). Moreover, we have held that one accomplice can corroborate the testimony of another accomplice. *Love v. State*, 318 Ga. App. 387, 390 (734 SE2d 95) (2012) (finding that testimony of an accomplice who identified the defendant after his own arrest was sufficiently corroborated by testimony of the getaway driver, as well as line-up identification of the accomplice and descriptions of the defendant's attire by the victims). Further, the sufficiency of corroborative evidence is for the jury to decide. See *Parks v. State*, 302 Ga. 345, 348 (806 SE2d 529) (2017).

Here, the testimony of accomplices Mobley and Bivens corroborated one another, placing Best at the scene and in possession of the firearm. Their testimony was further corroborated by additional evidence, including that Best acknowledged owning a black firearm with an extended clip matching that used during the robbery; that Best owned shoes with the same distinctive sole pattern as the shoe print discovered at Evan's Grocery after the robbery; that Newport cigarettes and white and camouflage gloves were found in Best's room; and that Best appeared to be left-handed as did the armed robber in the surveillance footage. See *Harrell v. State*, 322 Ga. App. 115, 116-118 (1) (744 SE2d 105) (2013) (using evidence about left-handedness to identify which defendant wielded the firearm during armed robbery).

The fact that the cashier could not identify Best does not render the evidence insufficient. See, e.g., *Harrell*, 322 Ga. App. at 118-119 (1) (finding that although victim could not identify the defendant as one of the masked men and video did not clearly show perpetrators' faces, the getaway driver's testimony meet it about the heights of defendants was consistent with that of gas station clerk, and jury's acceptance of witness testimony about defendant's new wealth after the robbery was permissible); *Hughes v. State*, 345 Ga. App. 107, 110 (1) (a) (812 SE2d 363) (2018) (finding jury could infer which of the two defendants were acting in which role

despite their facial features being obscured where in addition to testimony of an accomplice driver, the State presented DNA evidence and testimony of two store employees). The evidence presented here was more than sufficient to provide the slight corroboration required for the State to meet its burden when relying on accomplice testimony. See *Lewis*, 301 Ga. at 761.[3]

The jury was authorized to believe the testimony of the co-defendants and decide the reliability of their testimony.[4] See *Harrell*, 322 Ga. App. at 119. We have repeatedly held that "it is the function of the trier of fact to resolve conflicts in the evidence and to determine witness credibility." (Citation omitted.) *Sims v. State*,

---

[3] To the extent Best argues that the trial court failed to act as a "thirteenth juror" in denying his motion on general grounds under OCGA §§ 5-5-20 and 5-5-21, this argument is without merit. The record shows that the trial court reviewed both the evidence and Best's arguments during the motion for a new trial hearing, and properly weighed the evidence and exercised its discretion. See *Price v. State*, 305 Ga. 608, 612-613 (825 SE2d 178) (2019) (discussing that the trial judge will be presumed to have properly exercised his discretion as the thirteenth juror unless otherwise demonstrated by the record).

[4] At trial, the defense argued that due to the interpersonal relationships in the group, Mobley and Bivens may have been using Best as a scapegoat. As discussed above, it was for the jury to weigh the credibility of Bivens's and Mobley's testimony along with other evidence to find Best guilty of armed robbery. See *Sims*, __ Ga. App. at __ (862 SE2d at 559).

__Ga. App.__ (862 SE2d 556, 559) (2021). As such, Best's challenge to the sufficiency of the evidence is unavailing.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur*.